# ◣ Nutter

Erik P. Bartenhagen
Direct Line: 617-439-2252
Fax: 617-310-9252
E-mail: ebartenhagen@nutter.com

April 1, 2005
106259-1

FILED
IN CLERK'S OFFICE

2005 APR -1 P 4: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

**By Hand**

Civil Clerk's Office
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

      Re:   *BES Enterprises, Inc. v. Rony Natanzon, et al.*
            U.S. Dist. Ct., D. Mass., C.A. No. 05-10477-GAO

Dear Sir or Madam:

      Pursuant to Local Rule 81.1, enclosed for filing in the above-captioned removal matter are certified copies of all records and proceedings in the state court together with a certified copy of the docket entry sheet.

      Kindly date-stamp the enclosed copy of this letter and return it to the waiting messenger.

      Thank you for your attention to this matter.

                    Sincerely,

                    Erik P. Bartenhagen

EB:baw
Enclosures

cc:    Brian W. LeClair, Esq.

Nutter McClennen & Fish LLP ▪ Attorneys at Law

World Trade Center West ▪ 155 Seaport Boulevard ▪ Boston, MA 02210-2604 ▪ 617-439-2000 ▪ Fax: 617-310-9000 ▪ www.nutter.com

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## ESCV2005-00035
## Bes Enterprises Inc v Natanzon et al



| | | | | |
|---|---|---|---|---|
| **File Date** | 01/07/2005 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 03/17/2005 | **Session** | A - Civil-CtRm 2 -rear (Salem) | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/07/2005 | **Answer** | 06/06/2005 | **Rule12/19/20** | 06/06/2005 |
| **Rule 15** | 06/06/2005 | **Discovery** | 11/03/2005 | **Rule 56** | 12/03/2005 |
| **Final PTC** | 01/02/2006 | **Disposition** | 03/03/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Bes Enterprises Inc
Active 01/07/2005

**Private Counsel 291080**
Brian W LeClair
12 Fox Run Lane
Marblehead, MA 01945
Phone: 781-631-9981
Fax: 781-639-8032
Active 01/07/2005 Notify

**Defendant**
Natanzon
Service pending 03/08/2005

**Defendant**
Vered  Taylor
Served: 02/18/2005
Served (answr pending) 03/02/2005

**Defendant**
ERN Acquisition LLC
Served: 02/22/2005
Served (answr pending) 02/22/2005

*Eleni* [signature]
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/07/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/07/2005 | | Origin 1, Type B99, Track F. |
| 02/28/2005 | 2.0 | SERVICE RETURNED (summons): ERN Acquisition LLC, service made on |

case01 220796 y y y y y y

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## ESCV2005-00035
## Bes Enterprises Inc v Natanzon et al

| Date | Paper | Text |
|------|-------|------|
|  | 2.0 | February 22, 2005 (certified mail)-rec 2/28/05 |
| 03/02/2005 | 3.0 | SERVICE RETURNED: Vered Taylor(Defendant) by certified mail on 2/18/05 |
| 03/08/2005 | 4.0 | Affidavit of Brian W. LeClair, Esq., re service on 3/3/05 re: Vered |
|  |  | Taylor by certified mail with return receipt attached. |
| 03/17/2005 | 5.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

DEPUTY ASST. CLERK

**PLAINTIFF(S)**
BES Enterprises, In**A**

**DEFENDANT(S)**
Rony Natazon

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Brian W. Le Clair
Board of Bar Overseers number: 291080

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)    TRACK        IS THIS A JURY CASE?
B99                                          (F)         (X) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1.    Total hospital expenses .................................................. $..........
2.    Total Doctor expenses ................................................... $..........
3.    Total chiropractic expenses .............................................. $..........
4.    Total physical therapy expenses ........................................ $..........
5.    Total other expenses (describe) ......................................... $..........
                                                          Subtotal $..........
B. Documented lost wages and compensation to date ............................ $..........
C. Documented property damages to date ...................................... $..........
D. Reasonably anticipated future medical and hospital expenses ................. $..........
E. Reasonably anticipated lost wages ........................................ $..........
F. Other documented items of damages (describe)
                                                                    $..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $230,000+ of collected check proceed's
   converted and embezzled from plaintiff            $230,000.00
                                                   TOTAL $..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                   TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   none

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Brian W. Le Clair        DATE: 1/7/2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT 5 0035
DEPARTMENT

CIVIL ACTION No.

BES ENTERPRISES, INC.,
    Plaintiff,

v.

RONY NATANZON,

VERED TAYLOR,  and

ERN ACQUISITION, LLC,

      Defendants

\*    \*    \*    \*    \*    \*    \*    \*

\*

\*

\*

\*

\*
\*

\*

## COMPLAINT

Plaintiff Bes Enterprises, Inc., for its Complaint, respectfully represents as follows:

### Parties

3.    Plaintiff, Bes Enterprises, Inc. is a Massachusetts corporation with its headquarters at 26

Bessom Street, Marblehead, Essex County, MA.  (hereinafter "Plaintiff" or "Betsys").  Betsys

operates a number of small retail stores in a number of towns in Massachusetts.

4.    ERN, LLC d/b/a Nationwide Check Services or NCS ("ERN"), is a Maryland limited

liability company with its principal place of business in Baltimore, Maryland.  ERN was engaged

in the business of debit and credit card processing, and check processing and check guaranty, and

leasing and selling point-of-sale terminals and other equipment for credit card, debit card and

check transactions.  ERN has filed a chapter 11 bankruptcy under title 11, U.S. Code.  A trustee

in bankruptcy, Lawrence D. Coppel, was appointed pursuant to section 1104(a) on the bases of gross mismanagement and incompetence.

5.    Defendant, Rony Natanzon ("Natanzon"), is a natural person who resides and works in Baltimore County, Maryland. His last known usual address is 6 Boulder Brook Ct., Baltimore, MD. Mr. Natanzon is the sole member and manager of ERN, LLC.

6.    Defendant, Vered (nee Natanzon) Taylor, is a natural person who resides and works in Baltimore County, Maryland. Her last known usual address is 8806 Josua Ct., Baltimoe, MD. Ms. Taylor is the daughter of Rony Natanzon, and the wife of Martin Taylor. Ms. Taylor performed services for MAP, LLC while on the ERN, LLC payroll.

7.    Defendant, ERN Acquisition, LLC, is a Maryland limited liability company with its principal place of business, upon information and belief, in the former ERN premises in Baltimore, Maryland. Upon information and belief, ERN Acquisition, LLC is owned by the Natanzon family. Its principal place of business is 3102 Lord Baltimore Dr., Baltimore, MD 21244

## Personal Jurisdiction

8. From a Massachusetts office, defendants solicited the business of Plaintiff and caused plaintiff to enter into a contract for services with ERN, to be performed, at least in part, in Massachusetts.   For a substantial period of time ERN, LLC., doing business as "Nationwide Credit Card Center" maintained an office in Massachusetts at 1 Harvard Street, Suite 300, Brookline, MA. Each of the defendants, through Massachusetts employees, ERN, LLC. and ERN Acquisition, LLC. has transacted substantial business in Massachusetts with plaintiff and numerous other Massachusetts businesses. As alleged more specifically hereafter, by their

intentional tortuous acts, specifically the embezzlement of substantial funds collected in

Massachusetts from Massachusetts customers of plaintiff (as well as funds collected for

numerous other Massachusetts businesses) for deposit into plaintiff's and the other business'

Massachusetts bank accounts, defendants have caused tortuous injuries in Massachusetts. As a

consequence of this conduct and the transaction of business in Massachusetts, this court has

jurisdiction over each of the defendants pursuant to Mass. Gen. Laws Chapter 223A, Section

3(a), (b) and (d).


### Defendants's Business Model

9. Defendants, through ERN, operated a business which sold services to retail merchants

enabling the retail merchant to transact business with consumers using credit cards, debit cards,

and checks. Defendants' business of credit card and debit card processing and check clearing and

guaranty was part of the electronic payment industry in the United States. Defendants sold these

services to retail merchants, including Plaintiff.

10.     In 2002, Natanzon and ERN became involved in litigation with a partner in the Circuit

Court for Baltimore County and the United States District Court for the District of Maryland.

That litigation was settled on July 12, 2002. Defendants shortly thereafter began a series of

fraudulent conduct to avoid and undercut their settlement which included the embezzlement of

customer's monies, including Plaintiff's monies and the tortuous injury of plaintiff and others set

forth in more detail hereinafter.

### Defendants's Fraud Directed At Retail Merchants And Plaintff

11.     Defendants provided automated clearing house and check guaranty services to retail

merchants. Their enterprise, ERN, was not a depository financial institution and therefore could

not participate directly in the national automated check clearing system operated by the Federal

Reserve. Therefore, ERN had to contract through an intermediary automated clearing house

corporation (the "ACH Intermediary") with a depository financial institution (the "ACH bank")

which participated in the Federal Reserve's network of automated clearing house ("ACH") bank

operators. ERN also had to contract with each merchant and obtain authority to act as the

merchant's agent to handle check debit and credit transactions on the merchant's behalf. Each

time one of ERN's merchants accepted a check in payment of a transaction, the merchant caused

certain information to be transmitted to ERN detailing that a customer had paid the merchant by

a check written in a certain amount and drawn on a certain bank checking account. Each day

after the close of business, ERN then batched all of its merchants' check transaction information

and electronically transmitted the information to ERN's ACH Intermediary. ERN's ACH

Intermediary then transmitted the information over the ACH electronic payment network

presided over by the Federal Reserve so that the each merchant's customer's checking account

was debited in the appropriate amount, and the collected funds were then credited by the ACH

bank at the direction of ERN's ACH Intermediary to ERN's ACH account. ERN, the agent for

the merchant, in turn was supposed to direct the ACH Intermediary to credit ERN's merchant's

accounts, less the fees that ERN charged for the check clearing service. ERN was required to

pledge that it would operate its check ACH services according to all applicable rules, regulations,

and laws, including under the rules and guidelines of the National Automated Clearing House

Association ("NACHA").

12.     In or about March of 2002, Amit Natanzon contacted Plaintiff in Massachusetts to sell

Plaintiff these ERN services. As a result of his promotion of those services, Plaintiff entered into a written contract dated March 26, 2002, a copy of which is attached hereto as Exhibit A. In addition, Plaintiff executed a separate processing agreement for each of its stores, copies of which are attached hereto as Exhibit B.

13. Mr. Natanzon and his daughter Vered Taylor and others acting in concert with them intentionally and maliciously directed ERN to violate those applicable rules, regulations, and laws by misappropriating and embezzling ERN's merchants' (and plaintiff's) collected check trust funds altogether.

14 Defendants operated a check clearing and guarantee business for retail merchants at various locations around the country. Despite receiving the proceeds of its retail merchants' cleared checks as agent for the merchants, with the knowledge and cooperation of at least his daughter, Vered Natanzon, Natanzon intentionally and maliciously directed ERN to retain the collected proceeds of the checks collected on behalf of and owned by the merchants, contrary to state and federal law and their contractual obligations and their obligations under the National Automated Clearing House Association ("NACHA") rules. The NACHA rules are binding on defendants and govern their relationship with the financial institution which performs their check clearing house operations, without which they could not operate.

15. Natanzon's deceit and misappropriation of the ERN merchant check trust funds injured and damaged merchants nationwide in an amount of over $2 million.

16. Upon information and belief, this misappropriation and embezzlement out of trust of the ERN merchants' collected check trust funds appear to have commenced in early 2002. By 2004, Mr. Natanzon had directed the misappropriation and embezzlement out of trust of over $2

million of ERN's merchants' collected check trust funds.  ERN's books and records showed the
misappropriation and embezzlement amounted to over $3.8 million.

17    The check processor which put ERN checks presented at merchants through the
automated clearing house system was named Intercept Corporation ("Intercept").  The function
of Intercept Corporation was to take the amount and encoded bank and bank account data from a
customer check presented at a merchant and collect the funds through the Federal Reserve
System's automated clearing house ("ACH") system.  A debit, meaning a withdrawal, would
occur against a customer's bank account, and a credit would be issued to ERN.  ERN was then
required as the merchant's agent and fiduciary to direct Intercept to credit the merchant's account
with the funds collected, less the agreed processing fee, so the merchant would receive the
customer's funds for the goods purchased.

18    At all times after July, 2002 until July, 2004, Vered Natanzon Taylor  was an employee at
ERN.  While at ERN her job duties included receiving and transmitting the data files regarding
merchant check guaranty to and from Intercept.  Each day, she would receive electronically a
data file in spreadsheet form showing each customer's check transaction with each ERN
merchant, including the amount of the check received from the customer of the merchant and the
customer's bank routing information.  Such merchants had an agreement with ERN pursuant to
which ERN agreed to convert the check transaction to an electronic transaction, to collect the
funds represented by the check transaction using the ACH system, and to remit to the merchant
the funds received from the check.  Vered  Taylor was aware of this contractual arrangement
between ERN and each of its merchants.

19    As part of her acts in furtherance of the conspiracy, Vered Taylor, in breach of her

fiduciary duty as an employee and agent of ERN, and of ERN's fiduciary duty to the Merchants as the agent for the merchant collecting the check from the customer, knowingly, deliberately and intentionally failed to remit funds for the checks to the merchants. Ms. Taylor, each day, would receive a spreadsheet from Intercept, the check processing company. She would prepare a spreadsheet of what amounts were due out to merchants for funds collected. She would give that spreadsheet showing amounts due out to merchants to her father, Rony Natanzon. Rony Natanzon would determine who would be paid based on whether he wanted to use the money for other, improper purposes, not on whether the check transaction funds had actually been collected using the ACH system. On days when, for example, Option 4 check guaranty merchants would not be paid, a whole class of merchants, many of whose customer's checks had already been collected using the ACH system and had already been received by ERN in ERN cash accounts, would be denied payment and their funds embezzled. After receiving Natanzon's instructions on a marked spreadsheet, Vered Taylor would then perform operations to revise the spreadsheet so as to withhold the collected funds from the merchants, and then transmit the revised spreadsheet to Intercept, which entity would then follow the instruction given by Ms. Taylor, and merchants would not receive their funds.

20      Then, each day, Ms. Taylor would destroy the evidence of the wrongdoing by destroying and spoliating the documents, both paper and electronic, both to and from Intercept, showing her father's instructions. Ms. Taylor spoliated this evidence during ongoing litigation described above, even after discovery requesting such evidence had been received by Defendants in that litigation.

21.     In the foregoing manner, between January of 2003 and June of 2003, defendants

collected the funds of numerous Massachusetts customers of Plaintiff but diverted and embezzled those funds in an amount in excess of $230,000 by retaining the monies and converting them to their own use rather than depositing the funds into Plaintiff's bank account. Notwithstanding the failure to transfer these collected funds into plaintiff's bank account, each month defendants would send to plaintiff through the United States mail, a statement listing all check transactions which falsely described the funds as having been deposited into plaintiff's bank account.

### Count I - Fraud, Embezzlement & Conversion.
### (RONY NATANZON and VERED TAYLOR)

22. Plaintiff incorporates herein by reference all of the allegations contained in all paragraphs of this Complaint as if set forth herein again.

23.  Defendants' conduct in converting customer payment funds belonging to Plaintiff and collected for deposit into Plaintiff's bank account constituted fraud, conversion and embezzlement of plaintiff's property and funds.

24. Defendants' conduct damaged Plaintiff in an amount in excess of $230,000.

WHEREFORE, Plaintiff prays the Court enter judgment for compensatory and punitive damages in its favor against Defendants Rony Natanzon, and Vered Taylor, jointly and severally, in an amount to be determined at trial exceeding $230,000.00, plus interest and costs, and attorneys fees, and that the Court grant such other and further relief as may be just and proper.

### Count II - Civil Conspiracy

### (RONY NATANZON and VERED TAYLOR)

25    Plaintiff incorporates herein by reference all of the allegations contained in all paragraphs

of this Complaint as if set forth herein again.

26    Rony Natanzon and  Vered (nee Natanzon) Taylor knew of the existence of the ERN

contracts with merchants, including the contract with Plaintiff, and the contractual obligations

and undertakings memorialized therein,

27    Despite that knowledge, Rony Natanzon and Vered Natanzon entered into an agreement,

combination, and civil conspiracy knowingly to aid Natanzon and ERN in the breaching of the

contractual obligations and undertakings memorialized in the contract, including without

limitation

28    Rony Natanzon and Vered Natanzon acted overtly to breach the ERN agreement,

including without limitation, knowingly embezzling merchants' check funds collected through

the automated clearing house system by not paying the merchants timely or at all and knowingly

destroying and spoliating documents and evidence of such misconduct, thereby causing

merchants to terminate their business relationship with ERN and minimize ERN's profitability;

29    As a result of Defendants' unlawful and improper actions, Natanzon and ERN became

unable to perform the contractual obligations and undertakings under the contract.

30    Rony Natanzon and Vered Natanzon acted with actual malice and with the intent to cause

harm to Plaintiff in their conspiracy to breach the contract and embezzle Plaintiff's funds.

31    As a result of the intentional and malicious wrongdoing of Rony Natanzon and Vered

Natanzon in their conspiracy to breach the contract and embezzle Plaintiff's funds, Plaintiff

sustained damages in excess of $230,000.00, exclusive of interest and costs.

WHEREFORE, Plaintiff prays the Court enter judgment for compensatory and punitive

damages in its favor against Defendants Rony Natanzon and Vered Taylor jointly and severally,

in an amount to be determined at trial exceeding $230,000.00, plus interest and costs, and

attorneys fees, and that the Court grant such other and further relief as may be just and proper.

### Count III - Intentional Interference with Contractual Relations - (RONY NATANZON and VERED TAYLOR)

32      Plaintiff incorporates herein by reference all of the allegations contained in all paragraphs

of this Second Amended Complaint as if set forth herein again.

33      Natanzon and Vered (nee Natanzon) Taylor knew of the existence of the contracts on the

one hand, between Plaintiff and ERN, and on the other hand, between Plaintiff and its customers

represented by the checks presented for payment, and the contractual obligations and

undertakings memorialized therein.

34      Despite that knowledge, Rony Natanzon and Vered Taylor jointly and severally,

intentionally interfered with those contractual relations by diverting the funds advanced by

Plaintiff's customers and collected by ERN from being transferred into Plaintiff's bank account.

35      To the extent that Rony Natanzon and Vered Taylor were agents, officers, or employees

of ERN, LLC, they acted outside the scope of their authority and/or employment and/or their

actions were not intended or calculated to advance the legitimate business interests and purposes

of ERN, LLC.

36      As a result of Defendants' unlawful and improper actions, ERN and Plaintiff's customers

became unable to perform their contractual obligations and undertakings under the contracts.

37      Natanzon, T. Natanzon and Vered Taylor acted with actual malice and with the intent to

cause harm to Plaintiff in interfering with the contractual relations between and among, on one

hand,  Plaintiff and ERN, and on the other hand, Plaintiff and its customers, and in inducing

ERN to materially breach the contracts.

-10-

38     As a result of the intentional and malicious wrongdoing of Rony Natanzon and Vered

Taylor interfering with the aforesaid contractual relations, Plaintiff sustained damages in excess

of $230,000.00, exclusive of interest and costs.

.     WHEREFORE, Plaintiff prays the Court enter judgment for compensatory and punitive

damages in its favor against Defendants Rony Natanzon and Vered Taylor jointly and severally,

in an amount to be determined at trial exceeding $230,000.00, plus interest and costs, and

attorneys fees, and that the Court grant such other and further relief as may be just and proper.

### Count IV - Civil Conspiracy to Intentionally Interfere
### with Contracts and Contractual Relations-
### (RONY NATANZON and VERED TAYLOR)

39     Plaintiff incorporates herein by reference all of the allegations contained in all paragraphs

of this Second Amended Complaint as if set forth herein again.

40     Rony Natanzon and Vered (nee Natanzon) Taylor knew of the existence of the contract

between plaintiff and ERN, and the contractual obligations and undertakings memorialized

therein.

41     Despite that knowledge, Rony Natanzon and Vered Taylor entered into an agreement,

combination, and civil conspiracy knowingly, intentionally and improperly to interfere with

those contractual relations, to intentionally induce the material breach of the contracts and to

otherwise prevent the performance of the contracts and contractual obligations and undertakings.

42     Rony Natanzon and Vered Taylor agreed, combined and conspired and acted on said

agreement, combination, and conspiracy knowingly, intentionally and improperly to interfere

with those contractual relations, to intentionally induce the material breach of the contracts and

to otherwise prevent the performance of the contracts and contractual obligations, undertakings,

-11-

and agreements, including as follows by knowingly embezzling merchants' check funds collected through the automated clearing house system by not paying the merchants timely or at all and knowingly destroying and spoliating documents and evidence of such misconduct.

43 . The damage resulting from this fraudulent practice was that ERN ended up owing its merchants, on the books of ERN, $3,800,000 for check funds ERN actually collected using the ACH system as fiduciary and agent for its merchants. Instead, Defendants, particularly Rony Natanzon and Vered Taylor, agreed, combined and conspired to embezzle these funds knowingly, intentionally, and maliciously.

44 Rony Natanzon and Vered Taylor acted on their conspiracy, jointly and severally, among other things, by intentionally and improperly interfering with contractual relations, and/or by intentionally inducing the material breach and/or by otherwise preventing the performance of contractual obligations and undertakings.

45 To the extent that Rony Natanzon and Vered Taylor were agents, officers, or employees of ERN, LLC, they acted outside the scope of their authority and/or employment and/or their actions were not intended or calculated to advance the legitimate business interests and purposes of ERN, LLC.

46 Rony Natanzon and Vered Taylor acted with actual malice and with the intent to cause harm to Plaintiff in their conspiracy, combination and agreement to interfere with the contractual relations between Plaintiff and ERN, to cause the material breach of the contract, and to prevent the performance of the contractual obligations and undertakings by ERN to plaintiff.

47 As a result of Defendants' conspiracy and unlawful and improper actions in furtherance thereof to interfere with the performance of the contractual obligations and undertakings,

-12-

Plaintiff sustained damages in excess of $230,000.00, exclusive of interest and costs.

WHEREFORE, Plaintiff prays the Court enter judgment for compensatory and punitive damages in its favor against Defendants Rony Natanzon and Vered Taylor jointly and severally, in an amount to be determined at trial exceeding $230,000.00, plus interest and costs, and attorneys fees, and that the Court grant such other and further relief as may be just and proper.

### Count V -Chapter 93A.
### (RONY NATANZON and VERED TAYLOR)

48.    Plaintiff incorporates herein by reference all of the allegations contained in all paragraphs of this Complaint as if set forth herein again.

49.    Plaintiff is engaged in trade and commerce in the Commonwealth of Massachusetts.

50.    Defendants are engaged in trade or commerce in the Commonwealth of Massachusetts.

51.    The foregoing acts and practices constitute unfair and deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A, Sections 2 and 11.

52.    Defendants unfair acts and practices have damaged plaintiff in an amount in excess of $230,000, exclusive of interest and costs.

53.    Defendants unfair and deceptive acts were willful and intentional.

WHEREFORE, Plaintiff prays the Court enter judgment for compensatory and punitive damages in its favor against Defendants, Rony Natanzon and Vered Taylor, jointly and severally, for compensatory damages in an amount to be determined at trial exceeding $230,000.00, and severally for double or treble damages, plus interest and costs, and attorneys fees, and that the Court grant such other and further relief as may be just and proper.

## Count VI -RICO.
### (RONY NATANZON and VERED TAYLOR)

54.    Plaintiff incorporates herein by reference all of the allegations contained in all paragraphs of this Complaint as if set forth herein again.

55.    Defendants, through the enterprise ERN, LLC., have engaged in a pattern of racketeering activity, namely the systematic theft and embezzlement of funds collected from customers of plaintriff and other merchants in violation of 18 U.S.C. Section 1962 (c) and (d) .

56.    Defendants have conspired together to, and have actually, through the use of interstate wire transfers and the United States mail, engaged in a systematic pattern of fraud and embezzlement of funds transferred from bank accounts of consumers for deposit into merchant customer accounts but have defrauded the merchants, including plaintiff, of those funds.

57.    The pattern of racketeering activity has adversely affected interstate commerce and, in particular, the national system for the electronic collecting and paying of checks.

58.    The pattern of racketeering activity has damaged Plaintiff in the direct loss of over $230,000 in funds intended to be paid to Plaintiff by its customers.

59.    Between 2002 and July 1, 2003, defendants engaged in thousands of separate thefts of the proceeds of collected check funds, including the theft of more than $230,000 in check proceeds to be paid to Plaintiff, which checks are itemized on Exhibit C attached hereto.

60.    These thefts and embezzlements were conducted on a daily basis with the same pattern and as a regular practice through which defendants deprived plaintiffs of their monies and property, using wire transfers, electronic communications and the United States mails to further and carry out their conspiracy.

61.    As a result of Defendants' conspiracy and unlawful and improper actions in furtherance

thereof , Plaintiff sustained damages in excess of $230,000.00, exclusive of interest and costs

WHEREFORE, Plaintiff prays the Court enter judgment for compensatory and punitive

damages in its favor against Defendants Rony Natanzon and Vered Taylor, jointly and severally,

in an amount to be determined at trial exceeding $230,000.00, double or treble damages, plus

interest and costs, and attorneys fees, and that the Court grant such other and further relief as

may be just and proper.

## Count VII -SUCESSOR LIABILITY.
### (ERN Acquisitions, LLC)

63.  Plaintiff incorporates herein by reference all of the allegations contained in all

paragraphs of  this Complaint as if set forth herein again.


64.  When defendants caused ERN to file a bankruptcy petition, they failed and neglected to list

plaintiff as a creditor of ERN notwithstanding their knowledge that substantial amounts of

plaintiff's monies had been embezzeled through their scheme and conspiracy.


65.  With no contact or contract with plaintiff, ERN Acquisitions, LLC assumed and performed

the contract between plaintiff and ERN and performed all the services to be performed by ERN as

if the ERN contract with plaintiff were a contract between plaintiff and ERN Acquisition, LLC.

ERN Acquisitions, LLC used the same name, address, phone numbers, forms and stationary as

ERN in performing the contract.  The owners, managers and employees of ERN were the same or

substantially the same as those of ERN Acquisitions, LLC.  ERN Acquisitions, LLC. performs the

same tasks as had ERN and charged plaintiffs fees in accordance with the terms of the ERN

contract. ERN in turn ceased its operations.

66. The Bankruptcy Trustee in the ERN bankruptcy rejected certain executory contracts of ERN including all contracts of the class or category of Plaintiff's contract with ERN.

67. By its conduct, ERN Acquisitions, LLC. has impliedly assumed the contract between plaintiff and ERN and is therefore liable to plaintiff for all amounts due plaintiff from ERN, including the more than $230,000 collected by ERN but not transferred into plaintiff's bank account.

67. ERN Acquisitions, LLC. is a mere continuation of the business of ERN, LLC.

68. ERN Acquisitions, LLC. was established for the purpose of fraudulently continuing the business of ERN without liability for the debts of ERN.

69. ERN Acquisitions, LLC., as the successor of ERN, is indebted to plaintiff in an amount in excess of $230,000 which has failed and refused to pay to plaintiff.

WHEREFORE, Plaintiff prays the Court enter judgment against ERN Acquisitions, LLC. for all actual damages in the amount of $230,246.37, plus interest and costs, and attorneys fees, and that the Court grant such other and further relief as may be just and proper.

BES Enterprises, Inc.
By its Attorneys

Brian W. LeClair (BBO#291080)
12 Fox Run Lane
Marblehead, MA 01945
781-631-9981



**NATIONWIDE**
check services
a division of ERN, LLC

3102 Timanus Lane
Suite 101
Baltimore, MD 21244
Phone: 800-910-2265
Fax: 800-930-3940

# Check Service Data

| Check Set-up Fee $100.00 | Make ALL Checks Payable to: Nationwide Check Services |
|---|---|

| Service Ordered: | Discount Rate | Transaction Fee | | | |
|---|---|---|---|---|---|
| ☐ Check Verification | None | ¢ | Monthly Check Volume: | | $ 80K-100K Com |
| ☒ Check Conversion | None | 30 ¢ | Average Check Ticket: | | $ 250 |
| ☐ Check Guarantee | % | ¢ | High Check Amount: | | $ 3,000 |
| ☒ Conversion/Guarantee | 1.00 % | 30 ¢ | Stop Payment Coverage | ☐ Yes ☒ No (additional discount rate charge of 0.50% applies to all checks processed) | |

| | Voice Authorization Fee: | Statement Fee: | Monthly Minimum: |
|---|---|---|---|
| | 75¢ | $10.00 | $25.00 |

| Standard | Wireless | Check Reader Only |
|---|---|---|
| ☒ ValuePak 700 | ☐ ValuePak 720    ☐ ValuePak (Cellular) | ☐ _____ |
| ☐ ValuePak 710 | Mann# _____ | |
| | ESN# _____ | **List Current Equipment:** |
| ☐ _____ | ACT. Fee _____ | _____ |
| | Monthly Fee _____ | _____ |
| ☐ _____ | Trans Fee _____ | _____ |
| | Merchant Initials _____ | _____ |

| Average Ticket $ 170 | Monthly Volume $ 320K-TOTAL | Percent Keyed 90 % |
|---|---|---|

☒ **"ValuePak":** Merchant has leased an integrated credit card terminal, electronic check reader and debit Pin Pad (ValuePak) from Nationwide and shall be entitled to a $5.00 rebate for every $5,000.00 in Visa/MasterCard, Check Guarantee and/or Check Conversion/Guarantee volume processed through Nationwide per month, not to exceed the amount of the monthly lease payment.¹ (excludes taxes & insurance) $10.00 monthly check statement fee waived for ValuePak Lessees subscribing to Visa/MasterCard and Check Services through Nationwide.

**"Mini ValuePak":** Merchant has leased an electronic check reader from Nationwide and shall be entitled to a $5.00 rebate for every $5,000.00 in Check Guarantee and/or Check Conversion/Guarantee volume processed through Nationwide per month, not to exceed the amount of the monthly lease payment.² (excludes taxes & insurance)

† Rebates sent monthly by check along with a statement outlining all merchant processing volume.
¹ An initial $75.00 Rebate Processing Fee applies to the "ValuePak" Rebate Program. Rebate valid on current 48 month leases up to 48 months. Rebate offer applies as long as Visa/MasterCard and Check Services are being provided through Nationwide.
² An initial $50.00 Rebate Processing Fee applies to the "Mini ValuePak" Rebate Program. Rebate valid on current 48 month leases up to 48 months.

Merchant, in accordance with this Agreement, hereby authorizes ERN, LLC [D/B/A Nationwide Check Services] and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC [D/B/A Nationwide Check Services] or its agent(s), assigns, or successors: now or in the future, to draft or initiate debit/credit entries to merchant's checking account, as indicated below, or any other account maintained by merchant at any bank that is a receiving member of an Automated Clearing House (ACH). If merchant's draft or debit returns unpaid, a return fee, pursuant to state law, may be charged to merchant's account either electronically or by draft.

BANK _Baybank_    ROUTING NO. `011302438`    ACCOUNT NO. `12562233`

The parties hereto agree to each of the terms and covenants set forth on the reverse side and acknowledge that such provisions are binding upon each of them, their successors, heirs and assigns. In witness whereof, the MERCHANT hereto sets its hand as of this date.

Signature: _____    Title: _Treasurer_    Name: CLAYTON ESTEY    Date: 3/26/07

Signature: _____    Title: _____    Name: _____    Date: _____



**NATIONWIDE CHECK SERVICES PROCESSING AGREEMENT**
**Additional Location Form**
**\*\*\*ORIGINAL SIGNER MUST SIGN FOR ALL ADDITIONAL LOCATIONS\*\*\***

### Business Information

Business Legal Name: _Bes Enterprises_

Business DBA Name: _Betsy's_

Mailing/Business Address: _216 Bessom St_

City, State, Zip: _Marblehead Ma, 01945_

Contact Name: _Clayton Stead_

Phone #: (781) _631 - 2000_          Fax #: (781) _639 - 1181_

Location Address (if different from mailing): _97 Union Street    Newton, MA 02_

Contact Name: _NANCY MARINO_

Phone #: (617) _244 - 1262_          Fax #: (617) _244 - 5364_

### Electronic Debit/Credit Authorization Agreement

I/We hereby authorize ERN, LLC (d/b/a Nationwide Check Services) and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC (d/b/a Nationwide Check Services) or its agent(s), assigns, or successors, now or in the future, to draft or initiate debit/credit entries to my/our check account as indicated below, or any other account maintained by me/us at any bank that is a receiving member or an Automated Clearing House (ACH). If my draft or debit returns unpaid, I agree that a return fee, pursuant to state law, may be charged to my account electronically or drafted.

BANK: _Bay bank_ Routing No. _____ Account No. _____

Please attach a voided check from this account

I (print name), _Clayton Stead_ , hereby authorize ERN, LLC (d/b/a Nationwide Check Services) to add (# of) _____ additional location(s) to my original check service processing account. I understand that all terms, rates, fees, regulations and conditions set forth in my original application apply to this/these conditions.

Signature: _____          Title: _Treasurer_

Name: _CLAYTON STEAD_          Date: _3/26/02_

Signature: _____          Title: _____

Name: _____          Date: _____

NCS Additional Location Form 10/18/01



**NATIONWIDE**
creditcard center
where service
p.o.s. leasing

**NATIONWIDE CHECK SERVICES PROCESSING AGREEMENT**
Additional Location Form
***ORIGINAL SIGNER MUST SIGN FOR ALL ADDITIONAL LOCATIONS***

### Business Information

Business Legal Name: _BES Enterprises_

Business DBA Name: _Betsy's_

Mailing/Business Address: _26 Bessom St_

City, State, Zip. _Marblehead Ma 01945_

Contact Name: _Clayton Stead_

Phone #: _(781) 631-7000_          Fax #: _(781) 631-1181_

Location Address (if different from mailing): _100 Central Street Wellesley, MA 02_

Contact Name: _KAREN SINGER_

Phone #: _(781) 235-6364_          Fax #: _(781) 235-0166_

---

### Electronic Debit/Credit Authorization Agreement

I/We hereby authorize ERN, LLC (d/b/a Nationwide Check Services) and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC (d/b/a Nationwide Check Services) or its agent(s), assigns, or successors, now or in the future, to draft or initiate debit/credit entries to my/our check account as indicated below, or any other account maintained by me/us at any bank that is a receiving member or an Automated Clearing House (ACH). If my draft or debit returns unpaid, I agree that a return fee, pursuant to state law, may be charged to my account electronically or drafted.

BANK: _Baybank_          Routing No. _____          Account No. _____

Please attach a voided check from this account

I (print name), _Clayton Stead_ , hereby authorize ERN, LLC (d/b/a Nationwide Check Services) to add (# of) _____ additional location(s) to my original check service processing account. I understand that all terms, rates, fees, regulations and conditions set forth in my original application apply to this/these conditions.

Signature: _____          Title: _Treasurer_

Name: _CLAYTON STEAD_          Date: _3/26/02_

Signature: _____          Title: _____

Name: _____          Date: _____

NCS Additional Location Form 10/19/01



**NATIONWIDE CHECK SERVICES PROCESSING AGREEMENT**
**Additional Location Form**
**\*\*\*ORIGINAL SIGNER MUST SIGN FOR ALL ADDITIONAL LOCATIONS\*\*\***

### Business Information

Business Legal Name: _BES Enterprises_

Business DBA Name: _BETSY's_

Mailing/Business Address: _26 Bessom St._

City, State, Zip: _Markehead MA 01945_

Contact Name: _Clayton Stead_

Phone #: (_781_) _631_ - _7000_          Fax #: (_781_) _639_ - _1181_

Location Address (if different from mailing): _139 E/m Street    New Canean, Ct. 0684_

Contact Name: _NANCY GRECO_

Phone #: (_203_) _966_ - _5725_          Fax #: (_203_) _972_ - _3039_

### Electronic Debit/Credit Authorization Agreement

I/We hereby authorize ERN, LLC (d/b/a Nationwide Check Services) and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC (d/b/a Nationwide Check Services) or its agent(s), assigns, or successors, now or in the future, to draft or initiate debit/credit entries to my/our check account as indicated below, or any other account maintained by me/us at any bank that is a receiving member or an Automated Clearing House (ACH). If my draft or debit returns unpaid, I agree that a return fee, pursuant to state law, may be charged to my account electronically or drafted.

BANK: _Baybank_          Routing No. _____          Account No. _____

#### Please attach a voided check from this account

I (print name) _CLAYTON STEAD_ , hereby authorize ERN, LLC (d/b/a Nationwide Check Services) to add (# of) _1_ additional location(s) to my original check service processing account. I understand that all terms, rates, fees, regulations and conditions set forth in my original application apply to this/these conditions.

Signature: X _____          Title: _Treasurer_

Name: X _CLAYTON STEAD_          Date: _3/26/02_

Signature: _____          Title: _____

Name: _____          Date: _____

NCS Additional Location Form 10/19/01



**NATIONWIDE**
creditcard center
check services
p.o.s. leasing

## NATIONWIDE CHECK SERVICES PROCESSING AGREEMENT
### Additional Location Form
***ORIGINAL SIGNER MUST SIGN FOR ALL ADDITIONAL LOCATIONS***

### Business Information

Business Legal Name: _Bes Enterprises_

Business DBA Name: _Betsy's_

Mailing/Business Address: _26 Bessom St_

City, State, Zip: _Marblehead Ma 01945_

Contact Name: _Clayton Stead_

Phone #: (781) 631 - 7000          Fax #: (781) 639 - 1181

Location Address (if different from mailing): _24 Thompson St  Winchester, MA 01890_

Contact Name: _Roxanne Gianelli_

Phone #: (781) 721 - 4577          Fax #: ( ) _SAME AS FAX_

### Electronic Debit/Credit Authorization Agreement

I/We hereby authorize ERN, LLC (d/b/a Nationwide Check Services) and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC (d/b/a Nationwide Check Services) or its agent(s), assigns, or successors, now or in the future, to draft or initiate debit/credit entries to my/our check account as indicated below, or any other account maintained by me/us at any bank that is a receiving member or an Automated Clearing House (ACH). If my draft or debit returns unpaid, I agree that a return fee, pursuant to state law, may be charged to my account electronically or drafted.

BANK _Baybank_          Routing No. _____          Account No. _____

#### Please attach a voided check from this account

I (print name), _Clayton Stead_ , hereby authorize ERN, LLC (d/b/a Nationwide Check Services) to add (# of) _____ additional location(s) to my original check service processing account. I understand that all terms, rates, fees, regulations and conditions set forth in my original application apply to this/these conditions.

Signature: _[signature]_          Title: _Treasurer_

Name: _CLAYTON STEAD_          Date: _3/26/02_

Signature: _____          Title: _____

Name: _____          Date: _____

NCS Additional Location Form 10/19/01



**NATIONWIDE CHECK SERVICES PROCESSING AGREEMENT**
**Additional Location Form**
***"ORIGINAL SIGNER MUST SIGN FOR ALL ADDITIONAL LOCATIONS"***

### Business Information

Business Legal Name: _BES Enterprises_

Business DBA Name: _Betsy's_

Mailing/Business Address: _26 Bessom St_

City, State, Zip: _Marblehead Ma 01945_

Contact Name: _Clayton Stead_

Phone #: (_781_) _631_ - _2000_                    Fax #: (_781_) _639_ - _1181_

Location Address (if different from mailing): _1666 Massachusetts Ave. Lexington, MA 0249_

Contact Name: _Roberta Stummer_

Phone #: (_781_) _860_ - _9670_                    Fax #: (    ) _SAME AS FAX_

### Electronic Debit/Credit Authorization Agreement

I/We hereby authorize ERN, LLC (d/b/a Nationwide Check Services) and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC (d/b/a Nationwide Check Services) or its agent(s), assigns, or successors, now or in the future, to draft or initiate debit/credit entries to my/our check account as indicated below, or any other account maintained by me/us at any bank that is a receiving member or an Automated Clearing House (ACH). If my draft or debit returns unpaid, I agree that a return fee, pursuant to state law, may be charged to my account electronically or drafted.

BANK: _Baybank_        Routing No. _____        Account No. _____

#### Please attach a voided check from this account

I (print name) _Clayton Stead_ , hereby authorize ERN, LLC (d/b/a Nationwide Check Services) to add (# of) _____ additional location(s) to my original check service processing account. I understand that all terms, rates, fees, regulations and conditions set forth in my original application apply to this/these conditions.

Signature: _____        Title: _Treasurer_

Name: _CLAYTON STEAD_                    Date: _3/26/02_

Signature: _____        Title: _____

Name: _____            Date: _____

NCS Additional Location Form 10/19/01



**NATIONWIDE CHECK SERVICES PROCESSING AGREEMENT**
**Additional Location Form**
***ORIGINAL SIGNER MUST SIGN FOR ALL ADDITIONAL LOCATIONS***

---

### Business Information

Business Legal Name: _B&S Enterprises_

Business DBA Name: _Betsy's_

Mailing/Business Address: _26 Bessom St_

City, State, Zip: _Marblehead  Ma  01945_

Contact Name: _Clayton Stead_

Phone #: (_781_) _631_ - _7000_          Fax #: (_781_) _639_ - _1181_

Location Address (if different from mailing): _7+9 Exchange Street Portland, ME 0_

Contact Name: _BARBARA    MICHAUD_

Phone #: (_207_) _772_ - _0027_          Fax #: (_207_) _772_ - _0701_

---

### Electronic Debit/Credit Authorization Agreement

I/We hereby authorize ERN, LLC (d/b/a Nationwide Check Services) and/or its authorized agent(s) or bank(s) in accordance with this and/or any other agreements or obligations owed to ERN, LLC (d/b/a Nationwide Check Services) or its agent(s), assigns, or successors, now or in the future, to draft or initiate debit/credit entries to my/our check account as indicated below, or any other account maintained by me/us at any bank that is a receiving member or an Automated Clearing House (ACH). If my draft or debit returns unpaid, I agree that a return fee, pursuant to state law, may be charged to my account electronically or drafted.

BANK: _Bay bank_ _____ Routing No. _____ Account No. _____

#### Please attach a voided check from this account

I (print name), _Clayton Stead_ _____, hereby authorize ERN, LLC (d/b/a Nationwide Check Services) to add (# of) _____ additional location(s) to my original check service processing account. I understand that all terms, rates, fees, regulations and conditions set forth in my original application apply to this/these conditions.

Signature: _____          Title: _Treasurer_

Name: _CLAYTON STEAD_                         Date: _3/26/02_

Signature: _____          Title: _____

Name: _____               Date: _____

NCS Additional Location Form 10/19/01

2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

5 0035

BES ENTERPRISES, INC.

............................................................., Plaintiff(s)

v.

RONY NATANZON et al

............................................................., Defendant(s)

## SUMMONS

To the above named Defendant:     ERN Acquisitions, LLC.

You are hereby summoned and required to serve upon     Brian W. LeClair
_____ ,

plaintiff's attorney, whose address is 12 Fox Run Lane, Marblehead, MA 01945 _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at _____ Salem _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 10th day of     January     , in the year of our Lord two thousand Five

*Thomas H. Driscoll Jr.*

Clerk

*[signature]*

DEPUTY

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# COMMONWEALTH OF MASSACHUSETTS

**ESSEX, ss.**                                    **SUPERIOR COURT**
                                                 **DEPARTMENT**

                                                 **CIVIL ACTION No. 05-35A**

**BES ENTERPRISES, INC.,**                    *
     **Plaintiff,**
                                              *

     **v.**                                   *

**RONY NATANZON,**                            *

**VERED TAYLOR,  and**                        *
                                              *
**ERN ACQUISITION, LLC,**

          **Defendants**
                                              *
*

## AFFIDAVIT OF SERVICE

I, Brian W. LeClair, testify and depose as follows:

1. I am over eighteen years of age and competent to make this affidavit.

2. On February 18, 2005 I mailed a copy of the Summons and the Complaint in this action to the defendant ERN Acquisitions, LLC., at 3102 Lord Baltimore Dr., Baltimore, MD 21244, by certified mail, return receipt requested, postage prepaid, pursuant to the provisions of the Massachusetts Long Arm Statute.

3. Attached hereto and marked Exhibit A is the original green postcard I received from the United States Postal Service evidencing delivery on February 22, 2005.

Signed under the pains and penalties of perjury this 28th day of February, 2005.

_____
Brian W. LeClair

**Exhibit A**

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent / ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Manager<br>ERN Acquisitions, LLC.<br>3102 Lord Baltimore Dr.<br>Baltimore, MA 21244 | D. Is delivery address different from item 1? ☐ Yes<br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 2410 0004 8815 8938 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

## COMMONWEALTH OF MASSACHUSETTS

**ESSEX, ss.**

**SUPERIOR COURT
DEPARTMENT**

**CIVIL ACTION No. 05-35A**

BES ENTERPRISES, INC.,
    **Plaintiff,**

    **v.**

RONY NATANZON,

VERED TAYLOR, and

ERN ACQUISITION, LLC,

    **Defendants**

\*
\*
\*
\*
\*
\*
\*
\*

\*

### AFFIDAVIT OF SERVICE

    I, Brian W. LeClair, testify and depose as follows:

1. I am over eighteen years of age and competent to make this affidavit.

2. On February 18, 2005 I mailed a copy of the Summons and the Complaint in this action to the defendant Rony Natanzon, at 6 Boulder Brook Ct., Baltimore, MD 21209, by certified mail, return receipt requested, postage prepaid, pursuant to the provisions of the Massachusetts Long Arm Statute.

3. Attached hereto and marked Exhibit A is the original green postcard I received from the United States Postal Service evidencing delivery.

    Signed under the pains and penalties of perjury this 28th day of February, 2005.

                                 *Brian W. LeClair*
                                 Brian W. LeClair

**Exhibit A**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |

1. Article Addressed to:

   Rony Natanzon
   6 Boulder Brook Ct
   Baltimore, MA 21209

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
   (*Transfer from service label*)    7002 2410 0004 8815 8945

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

**SUPERIOR COURT
DEPARTMENT**

**CIVIL ACTION No. 05-35A**

BES ENTERPRISES, INC.,
    Plaintiff,

    v.

RONY NATANZON,

VERED TAYLOR, and

ERN ACQUISITION, LLC,

      **Defendants**

*

### AFFIDAVIT OF SERVICE

    I, Brian W. LeClair, testify and depose as follows:

1.  I am over eighteen years of age and competent to make this affidavit.

2.  On February 18, 2005 I mailed a copy of the Summons and the Complaint in this action to the defendant Taylor, at 8806 Josua Ct., Baltimore, MD 21208, by certified mail, return receipt requested, postage prepaid, pursuant to the provisions of the Massachusetts Long Arm Statute.

3.  Attached hereto and marked Exhibit A is the original green postcard I received from the United States Postal Service evidencing delivery on March 3, 2005.

    Signed under the pains and penalties of perjury this 7th day of March, 2005.

                               Brian W. LeClair

**Exhibit A**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____  ☐ Agent  ☐ Addressee <br> B. Received by ( Printed Name)  C. Date of Delivery <br> 3 / 3 / 05 <br> D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to: <br><br> Vered Taylor <br> 8806 Josua Ct. <br> Baltimore, MA 21208 | |
| | 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7002 2410 0004 8815 8952 |

PS Form 3811, February 2004       Domestic Return Receipt              102595-02-M-1540

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2005-00035

RE:    Bes Enterprises Inc v Natanzon et al

TO:    **United States District Court**
       **Division of the Trial Court**

## ORDER
## (TRANSFERRING SUPERIOR COURT CASE TO US DISTRICT COURT)

Case REMOVED this date to US District Court of Massachusetts
on the docket of said Court, with all the papers relating, thereto, be transferred to this
Court under the provisions of General Laws Chapter 223, Sec. 2(b).

Dated at Salem, Massachusetts this 17th day of March, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

By: *Alfred A. Carter*
Deputy Assistant Clerk

Telephone (978) 744-5500 ext. 414

cvdortracas_1.wpd 533231 removus carterar

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                          SUPERIOR COURT
                                                    C.A. No. 05-00035

| | |
|---|---|
| BES ENTERPRISES, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONY NATANZON, VERED | ) |
| TAYLOR and ERN ACQUISITION, | ) |
| LLC, | ) |
| | ) |
|     Defendants. | ) |

**NOTICE OF FILING**
**NOTICE OF REMOVAL**

Defendants Rony Natanzon, Vered Taylor and ERN Acquisition, LLC (collectively,

"Defendants"), in accordance with 28 U.S.C. § 1446, herewith file a certified copy of the their

Notice of Removal, attached hereto as Exhibit A, which was filed this day in the United States

District Court for the District of Massachusetts, Eastern Division.  The filing of this notice

"shall effect the removal and the State court shall proceed no further unless and until the case

is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

RONY NATANZON, VERED TAYLOR and
ERN ACQUISITION, LLC,

By their attorneys,

John P. Driscoll, Jr. (BBO #135360)
Erik P. Bartenhagen (BBO #640003)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Dated:  March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Brian W. LeClair, Esq., 12 Fox Run Lane, Marblehead, MA 10945, attorney of record for the plaintiff, by facsimile and mail on this 14th day of March, 2005.

Erik P. Bartenhagen

1410613.1

COPY

FILED
IN CLERK'S OFFICE

2005 MAR 14  A 9: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BES ENTERPRISES, INC.,            )       Civil Action No.
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )    05-10477 GAO
RONY NATANZON, VERED              )    NOTICE OF REMOVAL
TAYLOR and ERN ACQUISITION,       )
LLC,                              )    I hereby certify on 3/14/2005 that the
                                  )    foregoing document is a full and correct copy of the
        Defendants.               )    ☐ electronic docket in the captioned case
                                  )    ☐ electronically filed original filed on
                                  )    ☒ original filed in my office on 3/14/2005
                                  )    Sarah A. Thornton
                                       Clerk, U.S. District Court
                                       District of Massachusetts

                                       By:
                                       Deputy Clerk

TO:    THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF MASSACHUSETTS

       Pursuant to 28 U.S.C. § 1441(a) and § 1446, defendants Rony Natanzon, Vered Taylor

and ERN Acquisition, LLC (collectively, "Defendants") hereby give notice of removal of the

above-captioned action from the Superior Court Department of the Trial Court for Essex

County in the Commonwealth of Massachusetts to the United States District Court for the

District of Massachusetts. In support of this removal, Defendants state as follows:

       1.      On or about January 10, 2005, plaintiff BES Enterprises, Inc. brought a civil

action against the Defendants in the Superior Court Department of the Trial Court for Essex

County in the Commonwealth of Massachusetts, styled *BES Enterprises, Inc. v, Rony*

*Natanzon, Vered Taylor and ERN Acquisition, LLC*, Civil Action No. 05-0035. Copies of the

Complaint and all other pleadings from that action are attached hereto as Exhibit A.

       2.      Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Defendants hereby

remove this action to the United States District Court for the District of Massachusetts, Eastern

Division, which is the judicial district in which the action is pending.

3.    Defendant Rony Natanzon is an individual natural person who is a citizen and resident of the State of Maryland. Mr. Natanzon resides at 6 Boulder Brook Court, Baltimore, Maryland.

4.    Defendant Vered Taylor is an individual natural person who is a citizen and resident of the State of Maryland. Ms. Taylor resides at 8806 Joshua Court, Baltimore, Maryland.

5.    Defendant ERN Acquisition, LLC is a limited liability company that is formed and organized under the laws of the State of Maryland, with its principal place of business at Suite 101, 3102 Lord Baltimore Drive, Baltimore, Maryland. ERN Acquisition, LLC is not incorporated in the Commonwealth of Massachusetts.

6.    According to its Complaint, plaintiff BES Enterprises, Inc. is a corporation that is organized and incorporated under the laws of the Commonwealth of Massachusetts, with its principal place of business at 26 Bessom Street, Marblehead, Essex County, Massachusetts. *See* Complaint, ¶ 3.

7.    Plaintiff's Complaint contains a claim arising under the provisions of the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Plaintiff's Complaint alleges in Count VI that, *inter alia*, "Defendants, through the enterprise ERN, LLC have engaged in a pattern of racketeering activity, namely the systematic theft and embezzlement of funds collected from customers of plaintiff and other merchants in violation of 18 U.S.C. Section 1962(c) and (d)." Complaint, Count IV.

8.    The above-entitled action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b) because: (1) it

appears from the Complaint and otherwise that this is an action between citizens of different states; and (2) the plaintiff seeks an award in excess of $75,000, exclusive of interest and costs, according to its Complaint filed in the Essex County Superior Court. *See* Complaint, ¶ 24.

9.      The above-entitled action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §§ 1441(a), (b) and (c) because it contains a claim arising under RICO, 18 U.S.C. § 1962, a law of the United States.

10.     The Complaint in this action was served on ERN Acquisition, LLC on February 22, 2005, was served on Rony Natanzon on February 23, 2005, and was served on Vered Taylor on March 3, 2005. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of receipt by any Defendant of the Summons and Complaint in this action.

11.     Removing Defendants Rony Natanzon, Vered Taylor and ERN Acquisition, LLC, constitute all of the Defendants in the state court action being removed, and each of them, by their undersigned counsel, hereby join in and consent to this Notice of Removal and to the removal of this action.

12.     Defendants will give written notice of the filing of this Notice of Removal to all adverse parties as required under 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Superior Court of Suffolk County, Commonwealth of Massachusetts, as further required by that section.

13.     Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for the District of Massachusetts, Defendants will file certified or attested copies of all records,

3

proceedings, and docket entries from the Superior Court of Essex County, Commonwealth of Massachusetts within 30 days of the filing of this Notice of Removal.

14.    The undersigned counsel for Defendants has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

15.    The removal of this action is without prejudice to Defendants' procedural and substantive defenses to be raised in this action.

Respectfully submitted,

RONY NATANZON, VERED TAYLOR and
ERN ACQUISITION, LLC,

By their attorneys,

*Erik Bartenhagen*

John P. Driscoll, Jr. (BBO #135360)
Erik P. Bartenhagen (BBO #640003)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Of Counsel:

Paul M. Sandler
Robert B. Levin
Shapiro Sher Guinot & Sandler
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 385-0202

Dated:  March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Brian W. LeClair, Esq., 12 Fox Run Lane, Marblehead, MA 10945, attorney of record for the plaintiff, by facsimile and mail on this 14th day of March, 2005.

Erik P. Bartenhagen

1410464.2

5