UNITED STATES DISTRICT COURT
For The
DISTRICT OF MASSACHSETTS

CIVIL ACTION No. 05-10477-GAO

---

BES ENTERPRISES, INC.,
        Plaintiff,
    v.

RONY NATANZON,
VERED TAYLOR,  and

ERN ACQUISITION, LLC,
        Defendants

---

### Exhibits to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss

1.    Affidavit of Clayton Stead

2.    Affidavit of Bruce Ayers

3.    Vered Taylor Deposition Extracts

4.    ERN, LLC. Schedule of Unsecured Creditors except with Massachusetts Creditors

Certificate of Service

I, Brian W. LeClair, counsel for plaintiff, hereby certify that I served a copy of the forgoing Exhibits on the defendants on April 1, 2005, by mailing a copy thereof, postage prepaid, to their attorney:  John P. Driscoll, Nutter, McClennen & Fish, LLP., World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210.

Brian W. LeClair

# UNITED STATES DISTRICT COURT
## For The
## DISTRICT OF MASSACHSETTS

Exhibt 1

CIVIL ACTION No. 05-10477-GAO

**BES ENTERPRISES, INC.,**

**Plaintiff,**

v.

**RONY NATANZON,**
**VERED TAYLOR,  and**
**ERN ACQUISITION, LLC,**

**Defendants**

## AFFIDAVIT OF CLAYTON STEAD

I, Clayton Stead, testify and depose as follows:

1. I am over eighteen years of age and competent to make this affidavit.  I have personal knowledge of the facts stated herein except as to those stated to be on information and belief and as to such statements, I believe them to be true.

2. I am and have been since at least 1990 the Treasurer of BES Enterprises, Inc.  ("BES Enterprises").  It is a small family business which operates seven small retail stores which have an average size of approximately eighteen hundred square feet.

3. BES Enterprises has a very small staff in Marblehead, MA to perform all accounting and administrative work consisting of myself and two other people.  This small staff performs all of the bookkeeping, banking, accounting, bill paying and other administrative work for all of the stores.

1

4. In the Spring of 2002, I was contacted a number of times by Amit Natanzon seeking to sell electronic check processing services to BES Enterprises. I met with him in my office on Bessom Street in Marblehead, MA on March 26, 2002. He filled in some forms and asked me to sign them during this meeting. He did not provide to me any yellow or pink duplicate copy of what I had signed; rather a photocopy was made of the front of the forms I signed. I did not see and did not note that there was anything printed on the reverse side of those forms.

5. The "Additional Location" forms which were filled out did not appear to be a multiple copy form with information on the reverse side but only ordinary one-sided paper. The form made no reference to terms on the reverse side.

6. To the best of my knowledge and belief, BES Enterprises was never provided with any pink or yellow "Merchant Copy" of the documents I had signed. No such yellow or pink copy of those documents exists in the files of BES Enterprises. I was also never provided with copies of any of those forms signed by ERN, LLC.

7. At no time on or after March 26, 2002 was BES Enterprises provided with a copy of any form I had signed which contained any printed terms and conditions such as those attached as exhibits to defendants' motion to dismiss. The very first time I saw any such printed terms and conditions was after counsel for defendants faxed a copy to our attorney in March of 2005.

8. The individual we dealt with most frequently at ERN, LLC. concerning issues with checks, the monthly reports and other issues, was Vered Taylor. We received mailed material, faxes and telephone calls from her. For example, when we first began using the services, by letter dated April 23, 2002, she advised me that $13.26 had been debited from our checking account to cover the cost of supplies. In addition to her communications with Bruce Ayers and the third person in our office, I believe Vered Taylor is correct that she spoke to me by phone approximately ten to fifteen times. On a few occasions when she was not available, we would speak to her assistant named "Elaina."

9. After BES Enterprises started using the services of ERN, LLC., checks from our customers would be submitted to ERN, LLC. for electronic collection. The funds were to be electronically collected and deposited directly into our Massachusetts bank account. ERN, LLC. charged a fee for this service which would also be debited from our bank account. Once a month we would then receive a report from Vered Taylor detailing the checks submitted, collected or rejected, and deposited into our bank account.

10. Between January of 2003 and June of 2003, we received monthly reports of our transactions. Those reports detailed the checks that had been submitted, collected or refused and deposited into our checking account. Based on those reports, we believed the proceeds of the collected checks had been deposited into our bank account. Due to our limited staff, the reports from ERN, LLC. were checked against our check receipts but

were not checked against our monthly bank statements to verify that the funds had in fact been deposited into our bank account. We therefore believed the funds had been deposited into our checking account and continued using the services of ERN, LLC. In fact, none of the collected checks between January and June of 2003 were deposited into our bank account and over $230,000 was kept by ERN, LLC.

11. We received no notice of the bankruptcy of ERN, LLC. in April of 2004 and continued using the existing services.

12. We received no notice that the assets of ERN. LLC. had been sold to ERN Acquisitions, LLC nor that the Trustee was rejecting the contracts such as we had with ERN, LLC.

13. I am informed and believe that ERN, LLC. ceased operations in July of 2004 when the Bankruptcy Trustee sold certain assets to ERN Acquisitions, LLC. I am further informed and believe that the contract and account between ERN LLC. and BES Enterprises was not one of the contracts or accounts purchased by ERN Acquisitions, LLC. To the best of my knowledge and belief, BES Enterprises was never advised that the operations of ERN, LLC. would cease in July of 2004.

14. BES Enterprises continued to use the existing check collecting services and procedures through early 2005. To the best of my knowledge and belief, BES Enterprises was never advised by ERN Acquisitions, LLC. that it had taken over the electronic

processing of our customer checks. BES Enterprises never entered into any contract with ERN Acquisitions, LLC. Nor did BES Enterprises ever complete any written authorizations to permit ERN Acquisitions, LLC. to perform electronic check processing services for BES Enterprises or to debit its bank account for services. I therefore believe that when ERN, LLC. ceased operations in July of 2004, that ERN Acquisitions, LLC. began providing those services and charging BES Enterprises fees based upon the contract with ERN, LLC., and processed checks and debited our bank account based upon the contract with ERN, LLC.

15. I believe that BES Enterprises was not given any bankruptcy notices because, I am informed and believe, that BES Enterprises was never listed as a creditor on any schedules filed by ERN, LLC. in its bankruptcy proceedings.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 29, 2005.

Clayton Stead

Exhibt 2

# UNITED STATES DISTRICT COURT
## For The
## DISTRICT OF MASSACHSETTS

CIVIL ACTION No. 05-10477-GAO

**BES ENTERPRISES, INC.,**

**Plaintiff,**

v.

**RONY NATANZON,**
**VERED TAYLOR, and**
**ERN ACQUISITION, LLC,**

**Defendants**

### AFFIDAVIT OF BRUCE AYERS

I, Bruce Ayers, testify and depose as follows:

1. I am over eighteen years of age and competent to make this affidavit. I have personal knowledge of the facts stated herein except as to those facts stated to be on information and belief and as to those statements, I am informed and believe those statements to be true.

2. I am and have been since September of 2002 the Director of Finance of BES Enterprises, Inc. ("BES Enterprises").

3. To the best of my knowledge and belief, BES Enterprises was never provided with any pink or yellow "Merchant Copy" of the ERN, LLC. forms for electronic check processing. No such yellow or pink copies of those documents exists in the files of BES Enterprises. Nor is there any agreement signed by ERN, LLC. in the files of BES Enterprises.

4. The very first time I saw any printed terms and conditions of an ERN, LLC. contract form was after counsel for defendants faxed a copy to our attorney in March of 2005.

5. When I went to work for BES Enterprises, it was using the check processing services of ERN, LLC. which used the name "Nationwide Check Services." Checks from our customers would be submitted to ERN, LLC. for electronic collection. The funds were collected and deposited directly into our Massachusetts bank account. In addition, that bank account would be debited by ERN, LLC. for its fees.

6. During my employment with BES Enterprises, the principal person at ERN, LLC. with whom we dealt was Vered Taylor. If there was a question, Clayton Stead, I or our book keeper called Vered Taylor or she called us. If we were contacted by ERN, LLC., it was almost always Vered Taylor who contacted us. I have spoken to her by phone on a few occasions but her phone conversations were generally with Clayton Stead or the third person in our office.

7. Until July of 2004, once a month we would receive an ERN, LLC. report by mail detailing the checks we submitted, the checks collected or rejected, and the checks deposited into our bank account.

8. Our monthly bank statements would reflect deposits and withdrawals by "Ncs" for "Nationwide Check Services," the name by which ERN, LLC. identified itself on documents and forms.

9. Between January of 2003 and June of 2003, we received mailed monthly reports of our check transactions. Based on those reports, we believed the proceeds of the collected checks had been deposited into our bank account by ERN, LLC. Due to our limited staff, the reports from ERN, LLC. during that six month period were not checked against our

2

monthly bank statements to verify that the collected funds in the reports had in fact been deposited into our bank account. In fact, during those six months, none of the collected checks were deposited into our bank account and over $230,000 was not deposited into our account although the funds, representing payments to us by our customers, had in fact been collected by ERN, LLC.

10. We received no notice of the bankruptcy of ERN, LLC. in April of 2004.

11. I am informed and believe that ERN, LLC. ceased operations in July of 2004 when the Bankruptcy Trustee sold certain assets to ERN Acquisitions, LLC. I am further informed and believe that the contract and account between ERN LLC. and BES Enterprises was not one of the contracts or accounts purchased by ERN Acquisitions, LLC. To the best of my knowledge and belief, BES Enterprises was never advised that the operations of ERN, LLC. would cease in July of 2004 or that the Trustee in bankruptcy had rejected all of the contracts of the type we had with ERN, LLC. in July of 2004.

12. BES Enterprises continued to use the existing electronic check collecting services and procedures from July of 2004 through early 2005. There was no change in the way that we submitted checks for processing, in the way funds from collected checks were deposited to our bank account or that fees for those services were deducted from our bank account.

13. To the best of my knowledge and belief, BES Enterprises was never advised by ERN Acquisitions, LLC. that it had taken over the electronic processing and collecting of our customer checks or withdrawing funds from our bank account for those services.. BES Enterprises never authorized ERN Acquisitions, LLC. to do so nor did it enter into any

3

contract with ERN Acquisitions, LLC. Nor did BES Enterprises ever complete any written authorizations to permit ERN Acquisitions, LLC. to perform electronic check processing services for BES Enterprises or to withdraw funds from our bank account. I therefore believe that when ERN, LLC. ceased operations in July of 2004, that ERN Acquisitions, LLC. began providing those services and charging BES Enterprises fees based upon the contract with ERN, LLC. and the authorizations it contained. Our monthly bank statements from July of 2004 through February of 2005 continued to reflect deposits and withdrawals by "Ncs" or Nationwide Check Services.

14. In July and August of 2004, we did not receive our normal mailed monthly statement from ERN, LLC., although the deposits to and withdrawal from our bank account continued  In September we called the ERN telephone number to ask for the reports and they were then faxed to us. The statements were the same format as all of the statements we had previously received. At the time, I did not notice that the report no longer stated in fine print that Nationwide was "a division of ERN, LLC."

15. In October of 2004 we discovered the missing deposits from the first six months of 2003. I telephoned the same number we had used from the inception of my employment to discuss the missing funds. When the phone was answered and Vered Taylor was not available, I spoke to another representative. I stated that they owed us a lot of money, approximately $240,000. The woman stated just a minute, I'll check. She then came back and gave me the exact figure that was missing. She then stated that we had a problem and that they were not the same company. She told me to contact the bankruptcy trustee. We then received an October 7, 2004 fax listing "ERN, LLC. as the sender, with a copy of a proof of claim form that had been due by August 24, 2004 and a

4

notice of a May 26, 2004 meeting of creditors. That was our first notice of the bankruptcy proceedings.

16. In late November of 2004, I spoke to a representative of the "new company" about not getting monthly reports for the check cashing services. I was faxed a form to sign and return to get the monthly reports on line rather than by mail or fax. Attached hereto and marked Exhibit A is a true and accurate copy of the form which I received. I signed the form and faxed it back on November 30, 2004 and stamped the fax to record the date. The line above my signature recited that Nationwide Check Services was "a division of ERN, LLC." The on-line reports never worked.

17. ERN Acquisitions, LLC., under the name Nationwide Check Services, continued to charge BES Enterprises check processing service charges and withdraw funds from our bank account from July of 2004 through at least February of 2005. The only authorization I know to exist for the processing of checks, charging of fees and the withdrawals from our bank account is the original ERN, LLC. contract.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 29, 2005.

Bruce Ayers



Nationwide Check Services
3102 Lord Baltimore Drive
Suite 101
Baltimore, MD 21244

Phone: 800-910-2265
Fax:    410-701-2008



Exhibit A

## Changes in Service Options
### (Addendum to Check Services Agreement)

| MERCHANT MID# | 204873 | | |
|---|---|---|---|
| Merchant Name: B.ES. Enterprises Inc | | DBA: BETSYS | |
| Owner name: | | Officer name: | |
| Title: | | Title: | |

**SCHEDULE OF FEES**

| | | Service Ordered | Service fees | |
|---|---|---|---|---|
| | | | Discount | Transaction |
| Add Option 1 | ☐ | Verification | n/a | ¢ |
| Add Option 2 | ☐ | Conversion | n/a | ¢ |
| Add Option 3 | ☐ | Guarantee | % | ¢ |
| Add Option 4 | ☐ | Conversion/Guarantee | % | ¢ |
| Add Stop Payment Coverage | ☐ | Stop Payment | 0.50 % | n/a |
| Hold Check Programs | ☐ | Conversion | % | ¢ |
| | ☐ | Guarantee | % | ¢ |
| | ☐ | Recovery Program | % | ¢ |
| Monthly Statements (choose one) | ☐ | Mail Statements | $ 10.00 | Per Month |
| | ☐ | Web Based Silver | ($ 7.50 | Per Month |
| | ☐ | Web Based Gold | $ 12.50 | Per Month |

| Merchant E-mail address (required for web-based statements) | MABEL @ BETSYS.COM |
|---|---|

| Delete Options | ☐ Verification | ☐ Conversion | ☐ Guarantee | ☐ Conversion/Guarantee |
|---|---|---|---|---|
| | ☐ Stop Payment Coverage | | | |

This agreement is an integral part of the Check Service Agreement between the MERCHANT and NATIONWIDE CHECK SERVICES, a Division of ERN, LLC. The parties agree to each of the terms and covenants set forth hereby and acknowledge that such provisions are binding upon each of them, in witness whereof, the MERCHANT hereto sets its hand as of date.

Signature _Bruce Ayers_      Signature _____

Name: _Bruce Ayers_         Name: _____

Title: _Director of Finance_   Title: _____

Date: _11/30/04_            Date: _____

Rev. 05/03 SWR

Exhibt 3

1 (Pages 1 to 4)

**Page 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division
--------------------------X
IN RE:                    :
ERN, L.L.C.              :  Case No.:
   Debtor               :  04-20521-JS
--------------------------X

Deposition of VERED NATANZON TAYLOR
Baltimore, Maryland
Wednesday, May 12, 2004
3:10 p.m.

Job No.: 1-35146
Pages 1 - 57
Reported by: Beatriz D. Fefel, RPR

**Page 2**

Deposition of VERED NATANZON TAYLOR held
at the offices of:

ERN, L.L.C.
3102 Lord Baltimore Drive
Suite 101
Baltimore, Maryland 21244
(410) 701-2000

Pursuant to agreement, before Beatriz D.
Fefel, Registered Professional Reporter and Notary
Public of the State of Maryland.

**Page 3**

A P P E A R A N C E S

ON BEHALF OF THE CREDITOR:
   DAVID B. GOLDSTEIN, ESQUIRE
   BROOKE SCHUMM, III, ESQUIRE
   DANEKER, McINTIRE, SCHUMM, PRINCE,
   GOLDSTEIN, MANNING & WIDMANN, P.C.
   1 North Charles Street
   Suite 2450
   Baltimore, Maryland 21201
   (410) 649-4747


ON BEHALF OF THE DEBTOR:
   JAMES A. VIDMAR, JR., ESQUIRE
   LINOWES AND BLOCHER, L.L.P.
   7200 Wisconsin Avenue, Suite 800
   Bethesda, Maryland 20814-4842
   (301) 654-0504

   ALSO PRESENT: Martin A. Taylor

**Page 4**

CONTENTS

EXAMINATION OF VERED NATANZON TAYLOR          PAGE:
   By Mr. Goldstein                5
   By Mr. Vidmar                  56
   By Mr. Goldstein               56
      E X H I B I T S
      (Retained by counsel.)
TAYLOR DEPOSITION EXHIBITS              PAGE:
1  Fax to Stuart Rombro from Marty Taylor    24
2  Negative statement with email to Martin
   Taylor from Vered Taylor, with
   attachments, 3 pages              26
3  Unidentified              40

Case 1:05-cv-10477-GAO   Document 9-5   Filed 04/04/2005   Page 2 of 4
DEPOSITION OF VERED NATANZON TAYLOR
CONDUCTED ON WEDNESDAY, MAY 12, 2004

2 (Pages 5 to 8)

**5**

1        PROCEEDINGS
2        VERED NATANZON TAYLOR
3    having been duly sworn, testified as follows:
4        EXAMINATION BY COUNSEL FOR THE PLAINTIFF
5    BY MR. GOLDSTEIN:
6    Q   Would you please state your name and --
7    A   Vered --
8    Q   -- address for the record?
9    A   Vered Taylor at 8806 Joshua Court.
10   Q   By whom are you employed?
11   A   ERN.
12   Q   ERN, L.L.C.?
13   A   Yes.
14   Q   Okay. What is your job title?
15   A   I supervise the Voice Authorization Center.
16   Q   What does that mean?
17   A   Where -- it's basically the call center
18   where transactions that are flagged on the merchants'
19   end are called in for a possible voice authorization.
20   Q   And what are they asking you to authorize?
21   A   Check transactions.
22   Q   Actually, not you, but ERN, right?

**6**

1    A   Right.
2    Q   Check transactions.
3        You supervise the Voice Authorization Center
4    where merchants call in to get approval for accepting
5    a check?
6    A   Correct.
7    Q   And how many employees work for you?
8    A   Five.
9    Q   And is that all that you do?
10   A   I also do the data entry for the ACH files.
11   Q   What does that mean?
12   A   I process automated files that get sent over
13   to the bank on a daily basis.
14   Q   What does that mean? What does it mean to
15   process the automated files that ERN receives on a
16   daily basis from banks?
17   A   So in other words, we electronically debit
18   consumers' accounts for check transactions that they
19   process and credit merchant accounts for those checks.
20   Q   Describe an electronic payment transaction
21   for ERN's electronic check conversion and guarantee
22   business, briefly.

**7**

1    A   Okay. So if I were to go -- if I'm the
2    consumer, I go in to a merchant and I request to pay
3    in the form of a check. The merchant would then
4    request authorization for that check from ERN. Once
5    that check is authorized, ERN debits the consumer's
6    account for the amount of the check, and then
7    disburses the funds out to the merchant for that
8    transaction.
9    Q   ERN doesn't have the right or the ability
10   directly to debit the consumer's account, right, for
11   the check, you have to go through the automated
12   clearinghouse system of the Federal Reserve?
13   A   Right.
14   Q   That's right. How do you do that?
15   A   I just process the files. I mean, I send
16   them out every day, and I'm assuming that the behind-
17   the-scenes transaction is THAT they get processed
18   through the ACH.
19   Q   So you have a link-up with your merchants
20   who take checks --
21   A   Right.
22   Q   -- at the point of source, point of salE,

**8**

1    right?
2    A   (Nodding.)
3    Q   And each one of those transactions, then,
4    comes into ERN to your data processing center?
5    A   Right.
6    Q   Is that here?
7    A   Umh-humh.
8    Q   In Baltimore?
9    A   Umh-humh.
10   Q   And then every night you electronically
11   transmit all of that data to whom? To your ACH bank,
12   right?
13   A   Right, I consider it the bank. I don't
14   know, again, the behind the scenes, the technicalities
15   of it. I don't know.
16   Q   Okay. That entity to whom ERN
17   electronically transmits this ACH data, is that
18   Wachovia, is that First American Payment Systems? Who
19   is that?
20   A   I don't know what the name of the bank is.
21   Q   Who does?
22   A   I guess accounting.

DEPOSITION OF VERED NATANZON TAYLOR
CONDUCTED ON WEDNESDAY, MAY 12, 2004

11 (Pages 41 to 44)

**41**

BY MR. GOLDSTEIN:

Q    And that deals with A Autotronics and refers to the twenty-eight thousand, one hundred fifteen dollars and eighty-six cent sum which is included in your email.

A    Umh-humh.

Q    Okay.  Do you know whether that twenty-eight thousand dollars that apparently you determined at least was due A Autotronics was ever paid to A Autotronics?

A    I'm not sure.

Q    Do you know who at ERN would have been responsible for that?

A    I don't know.

Q    Do you believe that Mr. Taylor asked you for this number in your email which is part of Exhibit 2? You just didn't come out of the blue and email him that number without there being some --

A    I'm sure he asked me something.

Q    Okay.  Where would that record be?

A    What record?

Q    The record -- the request for the data that

**42**

you used to come up with that.

A    Oh, I don't know.

Q    Okay.  You had to review some papers to come up with that number, I assume, right?

A    Right.

Q    Where would those papers be, the work papers?

A    If it was a reconciliation, then it would have been provided to accounting.

Q    So you don't keep anything?

A    No.

Q    You're the only one who does account reconciliations, right?

A    In my department.

Q    In your department.  Well, I understood you to say you're the only one who does account reconciliations, period, you may get requests from Arlene or Marty or Beth.

A    Well, I don't know who does -- if anybody else does the reconciliations. In my department I was the only one who did them at the time.

Q    As far as you know, as far as your knowledge

**43**

is concerned, you're the only one who does account reconciliations at ERN, you don't know of anyone else who does account reconciliations?

A    I don't know.

Q    Well, that's a yes or no.

A    Yeah, I don't know of anybody else.

Q    You don't keep any records regarding any account reconciliation that you do, you send those records, if you have any, to accounting?

A    Right.

Q    You don't keep any record as to the number of account reconciliations you do, and so your best guess over the last two years is that you've done forty of them?

A    Right.

Q    You have no idea how much money is involved in either those forty account reconciliations that you dealt with or at all, right?

A    I don't know what that number would be.

Q    Who determines whether a merchant receives any particular amount of money as part of the ACH transactions which ERN has contracted to process for

**44**

the merchant?

A    I submit a daily report to Rony and he determines who gets paid.

Q    What form does that request of yours to Mr. Natanzon take?

A    Excel format.

Q    And how does Rony Natanzon communicate his approval or disapproval of the payment of any ACH payment?

A    Usually verbally.  Is that what you mean?

Q    Well, does he say it to you, or does he write you?

A    It could be either way.

Q    If he wrote you something that said pay this one, don't pay that one, et cetera, where is that record?  Is that an email?

A    No.  It would just be the Excel spreadsheet that I would send him which has come back and it would say "okay," and then I would pay whatever is on that page.

Q    How does he communicate to you that he doesn't want you to pay a certain transaction?

Case 1:05-cv-10477-GAO    Document 9-5    Filed 04/04/2005    Page 4 of 4
DEPOSITION OF VERED NATANZON TAYLOR
CONDUCTED ON WEDNESDAY, MAY 12, 2004

12 (Pages 45 to 48)

45

1    A    He would just check off the ones that get
2  paid.
3    Q    Okay.  So if a transaction doesn't have a
4  check mark, it doesn't get paid?
5    A    It wouldn't be a specific transaction, a
6  specific transaction.  It's submitted in files.  So
7  the file can either be sent or not sent.
8    Q    I see.  And where is the record of all of
9  those approvals and disapprovals?
10    A    I don't maintain them.
11    Q    So Rony Natanzon, then, returns your Excel
12  spreadsheet to you and with a check notation on the
13  files to pay and I guess the ones not to pay don't
14  have a check mark?
15    A    Right.
16    Q    And then what do you do with that document,
17  the Excel spreadsheet?
18    A    Compare the data entry for that day's ACH
19  and submit it to the bank.
20    Q    And the files that Rony Natanzon has not
21  checked and therefore directed you not to pay, what
22  happens to those?

46

1    A    They usually get processed the following
2  day.
3    Q    Well, what if they don't get processed the
4  following day?
5    A    I'm unaware of that.
6    Q    Well, the ones that he directs you not to
7  pay, do you cut them out and put them in a separate
8  document?  What do you do with them?
9    A    Everything goes to accounting, whether it's
10  been paid or not paid.  All the backup with the ACH
11  goes to accounting, so at that point it's determined
12  what happens with them.  I only handle that specific
13  day's.
14    Q    When you transmit your ACH file to the bank
15  to have it processed, you delete certain files that
16  Rony Natanzon tells you not to pay, right, and that
17  doesn't get transmitted to the bank for processing?
18    A    I don't understand what you mean.
19    Q    Okay.  Each day to initiate the ACH process
20  where the check transactions are cleared through the
21  automated clearinghouse system, right?
22    A    Right.

47

1    Q    You have to send an electronic file to the
2  bank.  Okay?  Before you do that you send an Excel
3  spreadsheet to Rony Natanzon and he tells you which
4  ones to pay and which ones not to pay?
5    A    Right.
6    Q    Okay.  Now, that tells you which files to
7  include in your file transmittal to the ACH bank and
8  which ones not to include, right?
9    A    Right.
10    Q    Okay.  The ones that you do not include,
11  what do you do with them?  Do you put them in a
12  separate electronic file?
13    A    No.
14    Q    What did you do with them?
15    A    I, I only prepare that day's.  So if he
16  maintains previous day's files that he didn't
17  authorize for release, then he would have access to
18  that.  But I only prepare that day's file.
19    Q    I understand that.  You're the one -- you
20  prepare the file that's actually transmitted to the
21  bank?
22    A    Right.

48

1    Q    Okay.  But certain files you're told by Rony
2  Natanzon not to include in that transmittal.  Do you
3  send those back to him, or what do you do with them?
4  Do you understand my question?
5    A    The backup is still there for accounting so
6  they can at any time say release the files or not.
7  They -- I'm assuming they can do that.  I don't know.
8    Q    Okay.  Well, you don't -- once Mr. Natanzon
9  says don't pay this file, it doesn't get transmitted
10  that day to the bank with the others that are supposed
11  to be cleared, and then it goes -- it just stays in
12  the system and you don't -- unless somebody tells you,
13  you don't go back to it; is that right?
14    A    Right.  If he were to tell me to pay it,
15  then I. . .
16    Q    Okay.  Where are those daily Excel
17  spreadsheet files?
18    A    I only have today's.  In other words, I --
19    Q    So you send yours to Rony, it comes back to
20  you, you use that file to prepare the ACH file to send
21  to the bank, and then?
22    A    That paper, I throw it away.

Form B6F - Cont.
(12/03)

Exhibt 4

In re    **ERN, LLC**                                                    Case No.    **04-20521-JFS**
                                          Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Vendor | | | | |
| Creditor #: 45 Beth Tfiloh Brotherhood 3300 Old Court Road Baltimore, MD 21208 | - | | | | | | 450.00 |
| Account No. | | | Vendor | | | | |
| Creditor #: 46 BG&E P.O. Box 1431 Baltimore, MD 21203-1431 | - | | | | | | 2,157.66 |
| Account No. | | | ISO | | | | |
| Creditor #: 47 Bill Morgan 140 Hidden Valley Estates Scott Depot, WV 25560 | - | | | | | | 5,319.80 |
| Account No. | | | Vendor | | | | |
| Creditor #: 48 Blue Dot 125 Industry Lane Forest Hill, MD 21050 | - | | | | | | 725.00 |
| Account No. | | | Merchant | | | | |
| Creditor #: 49 Bojack Masters 47 Spring Avenue West Roxbury, MA 02132 | - | | | | | | 395.00 |

Sheet no. __9__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

9,047.46

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                                              Case No.    **04-20521-JFS**

                                        Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. | | Merchant | | | | | | | |
| Creditor #: 50 Bojacks Academy of Beauty Culture 47 Spring St. West Roxbury, MA 02132 | - | | | | | | | | 90.00 |
| Account No. | | 4/29/04 Merchant | | | | | | | |
| Creditor #: 51 Bosque Auto 11 Robert Circle Los Lunas, NM 87031 | - | | | | | | | | 500.00 |
| Account No. | | Merchant | | | | | | | |
| Creditor #: 52 Boston Audio Design 659 Southern Artery Quincy, MA 02169 | - | | | | | | | | 140.00 |
| Account No. | | 2/6/04 Merchant | | | | | | | |
| Creditor #: 53 Boston Body Works 839 Albany Street Boston, MA 02119 | - | | | | | | | | 17,368.65 |
| Account No. | | Vendor | | | | | | | |
| Creditor #: 54 Boston Herald P.O. Box 2096 Boston, MA 02106 | - | | | | | | | | 318.75 |

Sheet no. __10__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **18,417.40**

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                          Case No.  __04-20521-JFS__
                              Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Vendor | | | | |
| Creditor #: 90 Comcast 5026 Campbel Blvd, #H Baltimore, MD 21236 | - | | | | | | 147.82 |
| Account No. | | | ISO | | | | |
| Creditor #: 91 Community Federal Reserve 430 N. 6th St. Philadelphia, PA 19123 | - | | | | | | 56.10 |
| Account No. | | | Merchant | | | | |
| Creditor #: 92 Computer Corner 4700 San Mateo, N.E. Albuquerque, NM 87109 | | | | | | | 24,001.96 |
| Account No. | | | ISO | | | | |
| Creditor #: 93 Concord Payment Sys. of FL, IN 9441 Fountainbleau Blvd. #108 Miami, FL 33172 | - | | | | | | 0.00 |
| Account No. | | | Merchant | | | | |
| Creditor #: 94 D&G Auto Supply 105 Lunnenburg Street Fitchburg, MA 01420 | - | | | | | | 355.08 |

Sheet no. __18__ of __88__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                          24,560.96

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re      **ERN, LLC**                                                                    Case No.     **04-20521-JFS**
                                                     Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | Vendor | | | | | |
| Creditor #: 105 Dell Financial Services P.O. Box 5292 Carol Stream, IL 60197-5292 | | - | | | | | | 6,673.40 |
| Account No. | | 3/2/04 | Merchant | | | | | |
| Creditor #: 106 Delroy's Auto 780 Bluff Hill Avenue Dorchester, MA 02124 | | - | | | | | | 9,112.60 |
| Account No. | | | Merchant | | | | | |
| Creditor #: 107 Deluxe Nails II 978 W. Valley Parkway Escondido, CA 92025 | | - | | | | | | 37.00 |
| Account No. | | | ISO | | | | | |
| Creditor #: 108 Dexter D. Horn 674 Langdon Street Orange, NJ 07050 | | - | | | | | | 179.03 |
| Account No. | | | Vendor | | | | | |
| Creditor #: 109 DHL Danzas Air & Ocean P.O. Box 7247-6745 Philadelphia, PA 19173 | | - | | | | | | 7,564.60 |

Sheet no. __21__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        23,566.63

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                                    Case No.    **04-20521-JFS**
_____
                        Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | ISO | | | | |
| Creditor #: 210<br>Kevin Tavares<br>266 Camino Del Rio S.<br>Suite 100<br>San Diego, CA 92108 | | - | | | | | 362.68 |
| Account No. | | | Merchant | | | | |
| Creditor #: 211<br>Kindness Animal Hospital<br>2130 University Blvd West<br>Silver Spring, MD 20902 | | - | | | | | 9,597.08 |
| Account No. | | | Merchant | | | | |
| Creditor #: 212<br>King Motors Inc.<br>120 Rte 46<br>Little Ferry, NJ 07643 | | - | | | | | 5,474.00 |
| Account No. | | | 4/29/04<br>Merchant | | | | |
| Creditor #: 213<br>Kreations Express<br>14904 Euclid Avenue<br>Cleveland, OH 44112 | | - | | | | | 3,189.91 |
| Account No. | | | 2/4/04<br>Merchant | | | | |
| Creditor #: 214<br>L.A. Auto<br>296 California Street<br>Newton, MA 02458 | | - | | | | | 3,213.25 |

Sheet no. __42__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                21,836.92

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                                    Case No.    **04-20521-JFS**

Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Creditor #: 240**<br>**Majestic Motor Sales**<br>**663 Gallivan Blvd**<br>**Dorchester, MA 02124** | | - | Merchant | | | | 55.00 |
| Account No.<br>**Creditor #: 241**<br>**Manhatten Marketing Group**<br>**2221 1/2 First Avenue**<br>**Hibbing, MN 55746** | | - | ISO | | | | 75.59 |
| Account No.<br>**Creditor #: 242**<br>**Marc Brown**<br>**13940 Hillsborough Ave.**<br>**Tampa, FL 33635** | | - | ISO | | | | 29.11 |
| Account No.<br>**Creditor #: 243**<br>**Marilyn Owens**<br>**110 James Black Cove**<br>**Olive Branch, MS 38654** | | - | ISO | | | | 57.20 |
| Account No.<br>**Creditor #: 244**<br>**Matamoros Meat Market #-1010200**<br>**800 West Main Street**<br>**Baytown, TX 77520** | | - | Merchant | | | | 2,132.74 |

Sheet no. __48__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| | Subtotal<br>(Total of this page) | 2,349.64 |

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                    Case No.    **04-20521-JFS**
                            Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| Account No. | | | | | Merchant | | | | |
| Creditor #: 270 Michael's Provisions 317 Lindsey St. Fall River, MA 02720 | | - | | | | | | | 3,125.56 |
| Account No. | | | | | Merchant | | | | |
| Creditor #: 271 Midas Muffler 9710 Reisterstown Rd. Owings Mills, MD 21117 | | - | | | | | | | 2,278.65 |
| Account No. | | | | | Merchant & Vendor | | | | |
| Creditor #: 272 Midas Muffler 902 Reisterstown Road Pikesville, MD 21208 | | - | | | | | | | 1,023.84 |
| Account No. | | | | | 2/12/04 Merchant | | | | |
| Creditor #: 273 Midas Muffler Shop 2410 W. Dempster Evanston, IL 60202 | | - | | | | | | | 11,806.09 |
| Account No. | | | | | 3/5/04 Merchant | | | | |
| Creditor #: 274 Midwest Auto Care 3222 Rosecrans Avenue Hawthorne, CA 90250 | | - | | | | | | | 410.15 |

Sheet no.  **54**  of  **88**   sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    18,644.29

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Form B6F - Cont.
(12/03)

In re   **ERN, LLC**                                              Case No.   **04-20521-JFS**
                                      Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. | | ISO | | | | | | | |
| Creditor #: 275<br>Milan Tadic<br>16826 Carl Ave., #96<br>Houston, TX 77060 | - | | | | | | | | 17.11 |
| Account No. | | Merchant | | | | | | | |
| Creditor #: 276<br>Milwaukee Iron Works<br>3508 Washington<br>Jamaica Plain, MA 02130 | - | | | | | | | | 16.00 |
| Account No. | | Merchant | | | | | | | |
| Creditor #: 277<br>Missy's Puppies & Grooming<br>Rt 1 Box 105<br>Poca, WV 25159 | - | | | | | | | | 1,903.39 |
| Account No. | | Merchant | | | | | | | |
| Creditor #: 278<br>Mitchell's Funeral Home<br>501 Fairvillia Road<br>Orlando, FL 32808 | - | | | | | | | | 7,525.00 |
| Account No. | | Merchant | | | | | | | |
| Creditor #: 279<br>Mobile Cellutions 4424 E New York<br>7451 Woodward Ave. #107<br>Woodridge, IL 60517 | - | | | | | | | | 24,298.68 |

Sheet no.  **55** of **88**  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                33,759.18

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                    Case No.    **04-20521-JFS**
                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Merchant | | | | |
| Creditor #: 280 Mobile Cellutions 7451 S. Woodward 7451 Woodward Ave. #107 Woodridge, IL 60517 | | | | | | | | 8,485.79 |
| Account No. | | | | Merchant | | | | |
| Creditor #: 281 Mobile Cellutions-0333202 7451 Woodward Ave. #107 Woodridge, IL 60517 | | | | | | | | 1,124.63 |
| Account No. | | | | Merchant | | | | |
| Creditor #: 282 Moore's Body Shop Inc. 800 W. Patapsco Ave. Baltimore, MD 21230 | | | | | | | | 6,530.87 |
| Account No. | | | | ISO | | | | |
| Creditor #: 283 Mordi Kushnir 1667 Central Street Stoughton, MA 02072 | | | | | | | | 58.29 |
| Account No. | | | | 4/29/04 Merchant | | | | |
| Creditor #: 284 Motion Auto 7952 Winchester Avenue Inwood, WV 25428 | | | | | | | | 125.97 |

Sheet no. __56__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    16,325.55

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**

Case No.    **04-20521-JFS**

Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Vendor | | | | |
| Creditor #: 300 North Jersey Media Group P.O. Box 18862 Newark, NJ 07191 | - | | | | | | 1,425.50 |
| Account No. | | | 2/23/04 Merchant | | | | |
| Creditor #: 301 North Shore Auto 100 Birney Street Peabody, MA 01960 | - | | | | | | 4,305.73 |
| Account No. | | | Merchant | | | | |
| Creditor #: 302 Northeast Auto Recyclers 412 Middle Rd Conneaut, OH 44030 | - | | | | | | 3,758.23 |
| Account No. | | | Vendor | | | | |
| Creditor #: 303 Novack & Macey LLP 303 West Madison St., #303 Chicago, IL 60606 | - | | | | | | 5,254.30 |
| Account No. | | | Merchant | | | | |
| Creditor #: 304 Oaks Brookside Market-0235902 P.O. Box 640 Wasco, CA 93280 | - | | | | | | 5,336.75 |

Sheet no. __60__ of __88__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

20,080.51

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re     ERN, LLC                                              Case No.    04-20521-JFS

                              Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  Creditor #: 305 OK Shell Service 3125 E Orange Thorpe Placentia, CA 92870 | | - | Merchant | | | | 1,417.39 |
| Account No.  Creditor #: 306 Omega Payment Sys. 13663 Jupiter Rd., #412 Dallas, TX 75238 | | - | ISO | | | | 162.13 |
| Account No.  Creditor #: 307 On the Edge 214 E Emerald Square Mall North Attleboro, MA 02760 | | - | Merchant | | | | 960.75 |
| Account No.  Creditor #: 308 One Dollar Depot 6112 Forest City Road Orlando, FL 32810 | | - | Merchant | | | | 583.84 |
| Account No.  Creditor #: 309 One Source Imaging Solutions 5020 Campbell Blvd, #1 Baltimore, MD 21236 | | - | Vendor | | | | 578.00 |

Sheet no. __61__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    3,702.11

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont
(12/03)

In re     **ERN, LLC**                                                   Case No.    __04-20521-JFS__
_____
                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No.<br>Creditor #: 345<br>Rte 128 Used Auto Parts<br>40 Green St.<br>Waltham, MA 02451 | | | - | | Merchant | | | | 1,302.00 |
| Account No.<br>Creditor #: 346<br>Saab Tech Inc.<br>1419 W Shakespeare<br>Chicago, IL 60614 | | | - | | Merchant | | | | 7,652.61 |
| Account No.<br>Creditor #: 347<br>Salem Zoto<br>1245 Highland Avenue<br>National City, CA 91950 | | | - | | ISO | | | | 38.00 |
| Account No.<br>Creditor #: 348<br>Salle Art Trading<br>21500 Northwest Hwy St. 479<br>Southfield, MI 48075 | | | - | | Merchant | | | | 508.75 |
| Account No.<br>Creditor #: 349<br>Sam's Santa Paula Market<br>644 W Harvard Blvd<br>Santa Paula, CA 93060 | | | - | | Merchant | | | | 104.39 |

Sheet no. __69_ of _88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                9,605.75

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**                                                    Case No.    __04-20521-JFS__
                                                                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. | | | | Vendor | | | | |
| Creditor #: 365 Shared Technologies Fairchild P.O. Box 631471 Baltimore, MD 21263-1471 | | - | | | | | | 13,855.00 |
| Account No. | | | | Merchant | | | | |
| Creditor #: 366 Shoe Lab 3900 Paradisse Rd. #P Las Vegas, NV 89109 | | - | | | | | | 649.30 |
| Account No. | | | | 3/3/04 Merchant | | | | |
| Creditor #: 367 Shoreline Flooring 3406 Dean Street Naples, FL 34104 | | - | | | | | | 7,262.03 |
| Account No. | | | | Merchant | | | | |
| Creditor #: 368 Ski Outlet 1 Oak St. Westborough, MA 01581 | | - | | | | | | 59,755.85 |
| Account No. | | | | Merchant | | | | |
| Creditor #: 369 Skin Spa 15456 Ventura Blvd #408 Sherman Oaks, CA 91403 | | - | | | | | | 1,351.70 |

Sheet no. __73__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          82,873.88

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **ERN, LLC**
_____
Debtor

Case No.    __04-20521-JFS__

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Creditor #: 415<br>Transmission Warehouse<br>3030 #A Contract Ave.<br>Las Vegas, NV 89101 | | - | Merchant | | | | 2,700.00 |
| Account No.<br>Creditor #: 416<br>Trippe Supply<br>309 Ritchie Road<br>Capitol Heights, MD 20743 | | - | 3/4/04<br>Merchant | | | | 18,529.93 |
| Account No.<br>Creditor #: 417<br>True Value<br>110 S. Longstreet Street<br>Kingstree, SC 29566 | | - | 3/5/04<br>Merchant | | | | 1,104.25 |
| Account No.<br>Creditor #: 418<br>Tuffy Auto Service-0121402<br>2751 N John Young Pkwy<br>Kissimmee, FL 34741 | | - | Merchant | | | | 4,903.16 |
| Account No.<br>Creditor #: 419<br>Twin City Eye Associates<br>22 McGrath Hwy<br>Somerville, MA 02143 | | - | Merchant | | | | 16,816.17 |

Sheet no. __83__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    43,053.51

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont
(12/03)

In re    ERN, LLC
_____
                        Debtor

Case No.    04-20521-JFS

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Creditor #: 425<br>V.E.T.<br>195 Concord<br>Casselberry, FL 32707 | - | | 1/23/04<br>Merchant | | | | 6,124.24 |
| Account No.<br>Creditor #: 426<br>Vanguard Business Sys., LLC<br>112 Brandywine Dr<br>Summerville, SC 29485 | - | | ISO | | | | 877.08 |
| Account No.<br>Creditor #: 427<br>Verizon Cabs<br>P.O. Box 37205<br>Baltimore, MD 21297-3205 | | | Vendor | | | | 340.99 |
| Account No.<br>Creditor #: 428<br>Verizon MA<br>P.O. Box 1<br>Worcester, MA 01654 | - | | Vendor | | | | 188.23 |
| Account No.<br>Creditor #: 429<br>Verizon MD<br>P.O. Box 17577<br>Baltimore, MD 21297 | - | | Vendor | | | | 1,488.97 |

Sheet no. __85__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          9,019.51

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re  **ERN, LLC**                                        Case No. __04-20521-JFS__
                          Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. Creditor #: 430 Vic's Stadium Mobile 35 Everette Avenue Everett, MA 02149 | - | | 3/5/04 Merchant | | | | 5,556.84 |
| Account No. Creditor #: 431 Voxcom Systems, Inc. 3625 N. Hall Street Suite 900 Dallas, TX 75219 | - | | ISO | | | | 26.25 |
| Account No. Creditor #: 432 W.B. Mason Co, Inc. 59 Cenre St Brockton, MA 02303 | | | Vendor | | | | 400.85 |
| Account No. Creditor #: 433 Wagner BMW 1497 Riverdale Street W. Springfield, MA 01098 | - | | 4/14/04 Merchant | | | | 13,085.45 |
| Account No. Creditor #: 434 Washington Boulevard Motors 672 N. Glebe Road Arlington, VA 22201 | - | | 3/5/04 Merchant | | | | 6,903.61 |

Sheet no. __86__ of __88__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                25,973.00

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy