UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BES ENTERPRISES, INC.         ) | Civil Action No. 05-10477-GAO |
| )  | |
|     Plaintiff,         ) | |
| ) | |
| v.         ) | **MOTION FOR LEAVE TO FILE RESPONSE** |
| ) | **TO PLAINTIFF'S JULY 28, 2005 LETTER** |
| RONY NATANZON, et al.         ) | |
| ) | |
|     Defendants.         ) | |

Pursuant to Local Rule 7.1(B)(3), defendants Rony Natanzon, Vered Taylor and ERN Acquisition, LLC ("Defendants") move for leave to file a short memorandum in response to plaintiff's July 28, 2005 letter filed with the Court. In support thereof, Defendants state as follows:

1.  In response to plaintiff's complaint, Defendants filed a Motion to Dismiss or, in the Alternative, for Venue Transfer (hereinafter, "Motion to Dismiss") on March 21, 2005. In early July, Defendants served their written responses to plaintiff's jurisdictional discovery and produced documents to plaintiff.

2.  Plaintiff sent a letter to the Court dated July 28, 2005 which drew the Court's attention to a recent decision of the Massachusetts Appeal Court and one page of Defendants' document production, and briefly raised legal arguments based thereon relevant to Defendants' Motion to Dismiss. Plaintiff's July 28, 2005 letter has been docketed.

3.  Defendants seek permission to respond to the legal arguments made in plaintiff's July 28, 2005 letter. Rather than continue the unorthodox practice of sending letter requests to the Court, Defendants request leave to file a short, four-page memorandum that addresses with specificity the points raised in plaintiff's July 28, 2005 letter.

- 2 -

4.     No memorandum of law supporting this motion is necessary, as the relief requested is within the sound discretion of the Court.

5.     With the filing of this motion, Defendants have provided the Court with their memorandum to be filed in the event this motion is granted. It is attached hereto at Tab A.

6.     Counsel for the plaintiff has consented to this motion.

WHEREFORE, Defendants request that the Court grant their motion for leave to file a short response to plaintiff's July 28, 2005 letter.

>Respectfully submitted,
>
>RONY NATANZON, VERED TAYLOR and ERN ACQUISITION, LLC,
>
>By their attorneys,
>
>/s/ Erik P. Bartenhagen
>John P. Driscoll, Jr. (BBO #135360)
>Erik P. Bartenhagen (BBO #640003)
>Nutter, McClennen & Fish, LLP
>World Trade Center West
>155 Seaport Boulevard
>Boston, MA 02210
>(617) 439-2000

**Of Counsel:**

**Paul M. Sandler (admitted** *pro hac vice*)
**Robert B. Levin (admitted** *pro hac vice*)
**Shapiro Sher Guinot & Sandler**
**36 South Charles Street, Suite 2000**
**Baltimore, Maryland 21201**
**(410) 385-0202**

**Dated: August 16, 2005**

## LOCAL RULE 7.1 CERTIFICATION

I, Erik P. Bartenhagen, counsel for defendants RONY NATANZON, VERED TAYLOR and ERN ACQUISITION, LLC, certify that by telephone on August 16, 2005, I conferred with Brian W. LeClair, Esquire, counsel for plaintiff BES ENTERPRISES, INC., in a good faith effort to resolve or narrow the issues presented by this motion. Mr. LeClair has consented to the relief requested herein.

>/s/ Erik P. Bartenhagen
>Erik P. Bartenhagen

1455136.1

# EXHIBIT A

Case 1:05-cv-10477-GAO    Document 16-2    Filed 08/16/2005    Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BES ENTERPRISES, INC. ) | Civil Action No. 05-10477-GAO |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANTS' RESPONSE TO** |
| ) | **PLAINTIFF'S JULY 28, 2005 LETTER** |
| RONY NATANZON, et al. ) | |
| ) | |
| Defendants. ) | |

In response to the complaint filed by plaintiff BES Enterprises, Inc. ("Plaintiff"), defendants Rony Natanzon, Vered Taylor and ERN Acquisition, LLC ("Defendants") filed a Motion to Dismiss or, in the Alternative, for Venue Transfer (hereinafter, "Motion to Dismiss") on March 21, 2005. In early July, Defendants served their written responses to Plaintiff's jurisdictional discovery and produced documents to Plaintiff. Plaintiff sent a letter to the Court dated July 28, 2005 which drew the Court's attention to a recent decision of the Massachusetts Appeal Court – *Casavant vs. Norwegian Cruise Lines, Ltd.*, 829 N.E. 2d 1171 (2005) – and one page of Defendants' document production, and briefly raised legal arguments based thereon relevant to Defendants' Motion to Dismiss. Defendants hereby respond to Plaintiff's arguments contained in that July 28, 2005 letter.

A.   The *Casavant* Decision

In an effort to circumvent the Maryland-directed forum selection clause in the contract it signed, Plaintiff relies on the recent decision in *Casavant vs. Norwegian Cruise Lines, Ltd.*, 63 Mass. App. Ct. 785, 829 N.E.2d 1171 (2005). *Casavant* is distinguishable. There, prospective passengers for a vacation cruise sued the cruise ship operator for the operator's failure to honor their request to reschedule their ticket, based on safety concerns following the

9/11 terrorist attacks. The Massachusetts Appeals Court refused to enforce a forum selection clause in the ticketing contract, which required litigation to be filed in Florida, on the ground that Norwegian had not provided the forum selection clause – or for that matter, any contractual terms and conditions – until close to one year after the original booking, two months after full payment of the $2,017.50 cruise price, and approximately 13 days before the sail date. The first time the contractual terms were forwarded to the plaintiffs was in a "passenger ticket contract," that was received by plaintiffs in September, 2001, for the cruise scheduled to depart Boston on September 16, 2001.

> The court refused to enforce the clause, reasoning that:
>
> [b]ecause the manner and means of the delivery of the terms of the contract for passage did not fairly allow the Casavants "the option of rejecting the contract with impunity", *Carnival Cruise Lines, Inc. vs. Shute*, 499 U.S. 585 . . . (1991), and because, in the limited time frame allowed, the Casavants did not accept the ticket as a binding contract, under controlling Federal maritime law and Massachusetts contractual law, the Florida-dictated forum selection clause is not enforceable.

63 Mass. App. Ct. at 788-89, 829 N.E.2d at 1175.

Here, by contrast, Plaintiff signed a contract with ERN, LLC, that contained the forum selection clause on the reverse side of one of its pages, at the very commencement of Plaintiff's contractual relationship with ERN. Immediately above the signature of Plaintiff's Treasurer, Clayton Stead, is Plaintiff's express acknowledgement that it agreed "to the terms and covenants on the reverse side and agre[e] to be bound by these provisions." *See* Complaint Exhibit A, and Exhibits 4, 5 and 6 to Defendants' March 21, 2005 Memorandum in Support of Defendants' Motion to Dismiss Or, In The Alternative, For Venue Transfer Pursuant to 28 U.S.C. § 1404(a) (hereinafter, "Def. Mem.").

Here, unlike the plaintiffs in *Casavant*, Plaintiff had "the option of rejecting the contract with impunity." *Carnival Cruise Lines, Inc.* 499 U.S. at 595; *Casavant*, 63 Mass. App. Ct. at 788, 829 N.E. 2d at 1175. Plaintiff could have simply refused to enter into the contract with ERN, or it could have attempted to bargain for the elimination of the forum selection clause. Having done neither, Plaintiff is bound by the clause, and must litigate this action in Maryland as it agreed.

### B. Documents Produced in Discovery Concerning Defendant ERN Acquisition, LLC's Contracts

Next, Plaintiff's July 28, 2005 letter states that documents produced by Defendants in discovery indicate that "there were approximately 32 Massachusetts businesses which were serviced by ERN, LLC, and whose contracts were expressly assumed by ERN Acquisitions, LLC." This fact, while true, is irrelevant to the question whether the claims against Defendant ERN Acquisition, LLC should be dismissed either for lack of personal jurisdiction or on the merits.

ERN, LLC is not a party to this case. Defendant ERN Acquisition, LLC is not the successor of ERN, LLC. Rather, ERN Acquisition, LLC is merely a purchaser of some (but not all) of ERN, LLC's assets from ERN's Chapter 11 Bankruptcy Trustee. Personal jurisdiction over ERN Acquisition, LLC therefore cannot be sustained on a "successor" theory.

Moreover, even if personal jurisdiction over ERN Acquisition, LLC existed, the claims against it must fail on the merits. The Sale Order of the United States Bankruptcy Court for the District of Maryland that approved the Trustee's sale of assets to ERN Acquisition, LLC, expressly provides that ERN Acquisition, LLC "shall not be liable for any claims . . . against

the Debtor [*i.e.* ERN, LLC]," and also provides that ERN Acquisition, LLC did not assume and is not otherwise liable for the debts, obligations or liabilities of ERN, LLC (with the exception of certain expressly assumed obligations, not including any obligation to Plaintiff). *See* Def. Mem. Exhibits 1 (Sale Order) and 7 (asset sale closing documents).

Finally, ERN Acquisition, LLC did not purchase or take over Plaintiff's account with ERN, LLC the account that is the alleged basis for Plaintiff's claims against ERN Acquisition, LLC. *See* Def. Mem. at 12-13. Accordingly, the fact that the accounts of 32 Massachusetts businesses previously serviced by ERN, LLC – *not* including the account of this Plaintiff – were assumed by ERN Acquisition, LLC, does not revive Plaintiff's claim against ERN Acquisition, LLC, because that claim was judicially extinguished by the Sale Order.

Respectfully submitted,

RONY NATANZON, VERED TAYLOR and
ERN ACQUISITION, LLC,

By their attorneys,

_____
John P. Driscoll, Jr. (BBO #135360)
Erik P. Bartenhagen (BBO #640003)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Of Counsel:

Paul M. Sandler (admitted *pro hac vice*)
Robert B. Levin (admitted *pro hac vice*)
Shapiro Sher Guinot & Sandler
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 385-0202

Dated: August 16, 2005
1455171.1