# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BES ENTERPRISES, INC. | ) | Civil Action No. 05-10477-GAO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JOINT STATEMENT AND SCHEDULING** |
| | ) | **CONFERENCE MEMORANDUM** |
| RONY NATANZON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Massachusetts District Court Rule 16.1(B) and (D), plaintiff BES Enterprises, Inc. ("Plaintiff") and defendants Rony Natanzon, Vered Taylor and ERN Acquisition, LLC ("Defendants") submit this Joint Statement and Scheduling Conference Memorandum.

**I.     Proposed Agenda of Matters to be Discussed at Scheduling Conference**

    **A.     Nature of the case.**

    **B.     Defendants' Pending Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, In the Alternative, for Transfer of Venue Pursuant to 28 U.S.C. §1404 to the U.S. District Court for the District of Maryland, and request for short stay of discovery.**

    **C.     Settlement/ADR issues.**

    **D.     Motions, discovery and pre-trial schedule.**

    **E.     Amenability/objection to trial by Magistrate Judge.**

II.    <u>Short Stay of Discovery</u>

On March 21, 2005, Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for transfer of venue (pursuant to 28 U.S.C. §1404) to the U.S. District Court for the District of Maryland (the "Motion to Dismiss"). Because the Court's rulings on the Motion to Dismiss will determine the need for and scope of any discovery in this case, the parties propose a temporary stay of discovery until the Motion to Dismiss is fully resolved, and the contours of the case are more clearly defined. The parties also request that this Court resolve the following discovery dispute regarding the terms of the parties' proposed stipulated protective order regarding production of confidential commercial information and other confidential information: Defendants will agree to disclose certain confidential documents on the condition that only counsel of record and designated experts, together with their staff and assistants, shall have access to such confidential documents. Plaintiff proposes that the confidential documents shall be made available to counsel and experts (and their staff and assistants), as well as to the officers of the opposing party themselves. The parties have agreed to all other provisions of the proposed stipulated protective order.

III.    <u>Proposed Discovery Plan</u>

For purposes of scheduling, the parties have used as a benchmark the date on which this Court enters its decision on the Motion to Dismiss.

A.    <u>Initial Disclosures</u>.    Plaintiff filed its Initial Disclosures in April 2005. The parties propose that Defendants will provide their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than forty-five (45) days after the resolution of the Motion to Dismiss. Defendants do not believe that initial disclosures would advance the resolution of issues raised

in the Motion to Dismiss.  Plaintiff, not having seen the disclosures, does not know what impact they might have.

      B.    <u>Fact Discovery</u>.  The parties propose that all fact depositions shall be completed, and that all written discovery – interrogatories, requests for production, requests for admissions – shall be served with sufficient time to be completed by no later than seven (7) months after the resolution of the Motion to Dismiss.

      C.    <u>Expert Disclosures</u>.  The parties propose that Plaintiff's expert disclosures, if any, shall be due thirty (30) days after the completion of fact discovery, with Defendants' expert disclosures, if any, due thirty (30) days after the deadline for Plaintiff's expert disclosures, and with Plaintiff's rebuttal expert disclosures, if any, due thirty (30) days after the deadline for Defendants' expert disclosures.  Expert depositions, if any, shall be completed no later than sixty (60) days after the deadline for Plaintiff's rebuttal expert disclosures.

IV.    <u>Proposed Motion Schedule</u>

      A.    <u>Rule 12 Motions to Dismiss</u>.  The parties understand that the Court has scheduled a hearing on Defendants' Motion to Dismiss for the date of the scheduling conference, January 12, 2006.

      B.    <u>Amended Pleadings</u>.  The parties propose that all motions for leave to amend the pleadings and/or to join additional parties shall be filed no later than forty-five (45) days after the resolution of the Motion to Dismiss.

      C.    <u>Dispositive Motions</u>.  The parties propose that all dispositive motions shall be filed no later than forty-five (45) days after completion of all discovery (both fact discovery and expert discovery).

V.    <u>Proposed Trial Date</u>

The parties propose a trial date approximately thirty (30) days after the Court rules on any dispositive motions, which would presumably result in a trial date in early 2007.

VI.    <u>Certifications</u>

Pursuant to Local Rule 16.1(D)(3), all counsel hereby affirm that they have conferred with their clients regarding the costs of the full course of litigation and as to the costs of alternative courses of litigation, and that they have considered the possibility of resolving this litigation through the use of alternative dispute resolution programs.  The required certifications of clients and/or party representatives have been or will be filed separately with the Court.

VII.    <u>Miscellaneous</u>

Counsel for the Plaintiff and the Defendants have collaborated on all issues in this case and have agreed on the proposed schedule set forth above.  Pursuant to Local Rule 16.3(B)(2), all counsel therefore report that the case is progressing within the allotted time limits and in accordance with the specified pretrial steps.  At this time, the parties do not consent to trial by Magistrate Judge, nor do they believe that phased discovery is appropriate.

Respectfully submitted,

BES ENTERPRISES, INC.                          RONY NATANZON, VERED TAYLOR
                                               and ERN ACQUISITION, LLC,

By its Attorneys,
                                               By their attorneys,


/s/ Brian W. LeClair_____                /s/ Erik P. Bartenhagen_____
Brian W. LeClair (BBO #291080)                 John P. Driscoll, Jr. (BBO #135360)
12 Fox Run Lane                                Erik P. Bartenhagen (BBO #640003)
Marblehead, MA  01945                          Nutter, McClennen & Fish, LLP
(781) 631-9981                                 World Trade Center West
                                               155 Seaport Boulevard
                                               Boston, MA 02210
                                               (617) 439-2000

                                               Of Counsel:

                                               Paul M. Sandler (admitted *pro hac vice*)
                                               Robert B. Levin (admitted *pro hac vice*)
                                               Shapiro Sher Guinot & Sandler
                                               36 South Charles Street, Suite 2000
                                               Baltimore, Maryland 21201
                                               (410) 385-0202


Dated:  December 19, 2005




1488396.2