UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BES ENTERPRISES, INC. | ) | Civil Action No. 05-10477 GAO |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' MOTION FOR LEAVE |
| v. | ) | TO FILE REPLY IN SUPPORT OF THEIR |
| | ) | MOTION TO DISMISS OR, IN THE |
| RONY NATANZON, *et al.* | ) | ALTERNATIVE, FOR VENUE |
| | ) | TRANSFER |
| Defendants. | ) | |

Pursuant to Local Rule 7.1(B)(3), defendants Rony Natanzon, Vered Taylor and ERN Acquisition, LLC ("Defendants") move for leave to file the attached reply to Plaintiff BES Enterprises, Inc.'s ("BES") Opposition to Defendants' Motion to Dismiss, or, in the Alternative, for Venue Transfer (the "Motion"). Defendants believe that their Motion adequately addresses most of the arguments raised in BES's Opposition. However, in preparing for the upcoming January 31 hearing on the Motion, Defendants located relevant legal authorities concerning the enforceability of the forum selection clause that were not fully addressed in Defendants' Motion and which are likely to materially aid the Court in ruling on the Motion. The attached reply memorandum addresses these arguments with specificity, and is only six pages long. Counsel for BES will have a full 12 days before the January 31 hearing to review and respond to this short reply, and Defendants have no objection if BES wishes to file a sur-reply addressing the arguments raised by Defendants in their reply memorandum. No memorandum of law supporting this motion is necessary, as the relief requested is within the sound discretion of the Court.

WHEREFORE, Defendants request that the Court grant their motion for leave to file a reply to BES's Opposition to Defendants' Motion to Dismiss, or, in the Alternative, for Venue Transfer.

Respectfully submitted,

RONY NATANZON, VERED TAYLOR and
ERN ACQUISITION, LLC,

By their attorneys,

/s/ Erik P. Bartenhagen
John P. Driscoll, Jr. (BBO #135360)
Erik P. Bartenhagen (BBO #640003)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Of Counsel:

Paul M. Sandler (admitted *pro hac vice*)
Robert B. Levin (admitted *pro hac vice*)
Shapiro Sher Guinot & Sandler
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 385-0202

Dated:  January 19, 2006

## LOCAL RULE 7.1 CERTIFICATION

I, Erik P. Bartenhagen, counsel for defendants RONY NATANZON, VERED TAYLOR and ERN ACQUISITION, LLC, certify that by telephone on January 18, 2006, I conferred with Brian W. LeClair, Esquire, counsel for plaintiff BES ENTERPRISES, INC., in a good faith effort to resolve or narrow the issues presented by this motion.

/s/ Erik P. Bartenhagen
Erik P. Bartenhagen

EXHIBIT A
to
Defendants' Motion for Leave to File Reply
in Support of Their Motion to Dismiss or,
in the Alternative, for Venue Transfer

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BES ENTERPRISES, INC. | ) | Civil Action No. 05-10477 GAO |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR VENUE TRANSFER** |
| v. | ) | |
| RONY NATANZON, *et al.* | ) | |
| Defendants. | ) | |

Defendants Rony Natanzon ("Natanzon"), Vered Taylor ("Taylor"), and ERN Acquisition, LLC ("Acquisition") (collectively, "Defendants") hereby reply to Plaintiff BES Enterprises, Inc.'s ("BES") Opposition to Defendants' Motion to Dismiss, or, in the Alternative, for Venue Transfer (the "Motion"). For the reasons stated herein and in Defendants' original Motion, and for such further reasons provided at oral argument, the Motion should be granted. Defendants believe that the arguments submitted in their initial Motion adequately address most of the arguments raised in BES's Opposition; however, the instant Reply addresses certain of BES's arguments concerning the enforceability of the forum selection clause, which arguments may not be fully addressed in Defendants' initial Motion.

**THE FORUM SELECTION CLAUSE BINDS PLAINTIFF AND REQUIRES THAT THIS CASE BE BROUGHT SOLELY IN MARYLAND**

BES asserts that the forum selection clause in its agreement with ERN does not bind it because the clause is contained in the reverse side of the agreement, and BES claims that it never received anything from ERN other than the first page of that contract, thereby leaving BES unaware of that term. *See* BES's Opp. at 5, 7-8 (citing Pl. Exs. 1 and 2 (Stead and Ayers Affidavits)). Without conceding the factual accuracy of BES's claim – which, as explained in Defendants' initial brief, is highly implausible – BES's argument is of no legal moment. BES

does not deny that the March 26, 2002 Agreement that it signed (by its Treasurer, Clayton Stead) states directly above his signature that the parties "agree to each of the terms and conditions on the reverse side and acknowledges that such provisions are binding upon each of them, their successors, heirs, and assigns." That fact, and that fact alone, disposes of BES's argument that it did not receive a copy of the page in question.

Massachusetts law provides that a party's signature on a contract entitles the opposing party to the benefit of the presumption that one who signs an instrument had read and understood its contents and has assented to its terms and legal effect. *See Bassi v. Julian Crane & Equip. Corp.*, 2005 WL 3105676 at *4 (Mass. Super. Oct. 26, 2005) (holding that as a matter of law, party that had affixed signature to front page of contract was bound by terms on reverse where front page indicated existence of terms on reverse) (*citing Hull v. Attleboro Savings Bank*, 33 Mass. App. Ct. 18, 24 (1992) ("One who signs a writing that is designed to serve as a legal document . . . is presumed to know its contents."); *Markell v. Sidney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 440 (1980) ("One who knowingly signs a writing that is obviously a legal document without bothering to ascertain the contents of the writing is ordinarily bound by its terms, in the same manner as if he had been fully aware of those terms, unless it can be proved that he was induced to sign it by fraud or undue influence . . . That he does not know the terms he is agreeing to is not a mistake, but a conscious choice and a known risk."); *Cohen v. Santoianni*, 330 Mass. 187, 193 (1953) ("The general rule is that, in the absence of fraud, one who signs a written agreement is bound by its terms whether he reads and understands it or not or whether he can read or not.")).

Moreover, and as is the case here, both the Massachusetts state and federal courts have held that a party who signs a contract with language on the signature page denoting that there

2

are further terms on the reverse side may not "close its eyes" to those terms and then claim "unfair surprise." *See Alpha One v. NYNEX Info. Resources Co.*, 1994 WL 879488 at *5 (Mass. Super. May 23, 1994); *Lambert v. Kysar*, 983 F.2d 1110, 1115 (1st Cir. 1993); *Hoover v. Osley & Whitney, Inc.*, 1990 WL 151311 at *5 (1st Cir. July 19, 1990) (unpublished opinion). Having signed its agreement with ERN of its own volition, and having been apprised by the specific language on the signature page of the further terms on the reverse, BES is precluded as a matter of law from asserting that it did not know of the forum selection clause stated on the reverse page.

BES's remaining arguments supporting non-enforcement of the forum selection clause are equally meritless. First, even if Acquisition succeeded to the BES accounts held by ERN by *de facto* merger, as BES asserts in its brief, *see* BES's Opp. at 3-5, (and which merger Acquisition denies), then Acquisition would also succeed to the forum selection clause that governed the original relationship between ERN and BES. Where one company succeeds to a predecessor company's contractual obligations by dint of a *de facto* merger, it also succeeds to the forum selection clause rights and obligations of its predecessor. *See International Private Satellite Partners, L.P. v. Lucky Cat Ltd.*, 975 F. Supp. 483, 486-86 (W.D.N.Y. 1997) (collecting cases); *see also Societe Generale v. Florida Health Sciences Center, Inc.*, 2003 WL 22852656 at *4 (S.D.N.Y. Dec. 1, 2003) (unpublished opinion); *Network Enterprises, Inc. v. APBA Offshore Productions, Inc.*, 2002 WL 31050846 at *7 (S.D.N.Y. Sept. 12, 2002) (unpublished opinion). If, as BES alleges, Acquisition stands in ERN's shoes as a result of a *de facto* merger, the "shoes" in which it stands consists of the Agreement between BES and ERN. All of BES's claims against Acquisition arise directly from BES's contract with ERN.

If BES wants to enforce the Agreement's terms against Acquisition, then the forum selection clause found in that Agreement applies.

Equally unavailing is BES's assertion that the forum selection clause, which BES suggests is applicable only to contractual disputes, does not apply to its tort claims against Natanzon and Taylor because they are not parties to the Agreement. The pertinent language of the forum selection clause is to the contrary:

> Any legal action filed . . . or any action arising under or related to this Agreement, including, but not limited to, a claim for payment under any applicable Merchant Processing Agreement, and also including any non-contract claim, including, but not limited to, tort claims . . .

Agreement § 15.2. The clause is expansive. It (1) applies to "any action" "arising under or related to the Agreement", it (2) includes claims for "payment under any applicable merchant Processing Agreement", and (3) it includes "tort claims." Hence, by its express terms, the forum selection clause applies to BES's tort claims against Natanzon and Taylor, which claims are no more than an attempt to recoup from these individuals amounts BES alleges are due to it under the Agreement, and arise solely from their performance of the duties created under the Agreement. (The same holds true for BES's claim against Acquisition). Absent the Agreement, BES would have no claim whatsoever against any of the Defendants, as the only relationship between BES and the Defendants was whatever contractual duties were created by the Agreement. Indeed, the measure of BES's asserted damages is the amounts that it asserts that ERN failed to remit as required under the Agreement.

This Court has mandated that such expansively worded forum selection clauses must be given full effect. Evaluating language virtually identical to that cited above, the Court held in *Doe v. Seacamp Ass'n, Inc.* that:

4

> The forum selection clause was worded to indicate that it governed any claim related to or arising from a contract, the subject of which were the terms and conditions of [Plaintiff's contractual relationship with one of the Defendants] . . . Another court in this district when faced with a claim that an action for breach of fiduciary duty should not be governed by a forum selection clause because the theory of the complaint was a not specifically a suit for breach of contract, held that "a choice of law provision should apply to non-contract claims where the basic source of any duty owed by defendants to the plaintiff is derived from the contractual relationship structured by the underlying agreement." . . . [W]here "the source of the duty which the defendants allegedly owed to the plaintiffs is derived from the contractual relationship," the contractual provisions should govern. Absent the contract [agreed to by the Plaintiff], no duty would have been owed to him by this defendant. Reason does not permit the conclusion that [Plaintiff's] claims in tort have nothing to do with the contractual relationship between [the parties].

276 F. Supp. 2d 222, 227-28 (D. Mass. 2003) (quoting *McAdams v. Mass. Mut. Life Ins. Co.*, 2002 WL 1067449 at *12 (D. Mass. May 15, 2002) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983)). Likewise, when the alleged conduct of non-parties to a contract is closely related to the contractual relationship, all of the participants in the case should be subject to the forum selection clause in the underlying contract. *See Banco Popular de Puerto Rico v. Airborne Group PLC*, 882 F. Supp. 1212, 1216 (D.P.R. 1995) (citing *Coastal Steel*, 709 F.2d at 202-03; *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988); *Crescent Corp. v. Proctor & Gamble Corp.*, 627 F.Supp. 745, 748 (N.D. Ill. 1986)). Having voluntarily agreed to the expansive forum selection language of the Agreement, BES can now hardly be heard to complain that there is anything unfair or inconvenient about actually abiding by that term.

Accordingly, Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue, should be granted.

Respectfully submitted,

RONY NATANZON, VERED TAYLOR and
ERN ACQUISITION, LLC,

By their attorneys,

/s/ Erik P. Bartenhagen
John P. Driscoll, Jr. (BBO #135360)
Erik P. Bartenhagen (BBO #640003)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Of Counsel:

Paul M. Sandler (admitted *pro hac vice*)
Robert B. Levin (admitted *pro hac vice*)
Shapiro Sher Guinot & Sandler
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 385-0202

Dated: January 19, 2006

1496882.2