UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10477-GAO

BES ENTERPRISES, INC.,
Plaintiff

v.

RONY NATANZON, et al.,
Defendants.

MEMORANDUM AND ORDER
March 30, 2006

O'TOOLE, D.J.

This case arises out of a contract between the plaintiff, BES Enterprises, Inc. and ERN, LLC dated March 26, 2002 (the "Agreement"), pursuant to which ERN agreed to provide BES with electronic check collection and processing services. In its complaint, originally filed in Essex Superior Court, BES seeks to recover proceeds from more than 1,200 customer checks that it alleges were improperly diverted by defendants Rony Natanzon and Vered Taylor rather than being deposited into BES's account.[1]

The defendants timely removed the action to this Court and moved to dismiss the complaint or, in the alternative, for transfer of venue pursuant to 28 U.S.C. § 1404(a). After consideration of the parties' legal memoranda and oral arguments, the defendants' motion to transfer is GRANTED.

---

[1] The complaint contains seven counts, including allegations of fraud, embezzlement, conversion, intentional interference with contracts and contractual relations, civil conspiracy, RICO violations and violation of Mass. Gen. Laws ch. 93A.

Under 28 U.S.C. § 1404(a), district courts have the discretion to transfer a civil action to any other district if the alternate venue is more convenient and the interest of justice is served. When deciding § 1404(a) motions, courts consider a range of factors including:

> (i) the plaintiff's original choice of forum, (ii) where the events at issue in the lawsuit took place, (iii) the convenience of the parties, (iv) the convenience of the witnesses, (v) the comparative availability of compulsory process to compel the attendance of unwilling witnesses, (vi) the location of the physical evidence, (vii) the enforceability of the judgment, (viii) in which forum can the case be tried more inexpensively and expeditiously, (ix) the relative court congestion in the two forums, (x) the public interest in local adjudication of local controversies, (xi) the relative familiarity of the courts with the applicable law, (xii) whether transfer is in the 'interest of justice,' (xiii) which forum would better serve judicial economy, and (xiv) whether a contractual clause specifies a specific forum to resolve contractual disputes.

17 *Moore's Federal Practice* § 111.13[1][b] (3d ed. 2001).

While the plaintiff's original choice of forum is entitled to great weight, there are a number of factors in this case that favor transfer of the action to the District of Maryland. First, much of the conduct which forms the basis of the plaintiff's claims against the defendants occurred in Maryland. Given that fact, it is also reasonable to believe, as the defendants assert, that a significant amount of the evidence in the case is also located in that jurisdiction. Another factor that is often given significant weight by the courts is the convenience of a forum for potential witnesses. See, e.g., Home Prods. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc., 201 F.R.D. 42, 48 (D. Mass. 2001). In this case, the defendants have specifically identified seven witnesses it would call to testify, all of whom are located in Maryland.[2] Judicial efficiency and economy should also be considered. Notably, two other cases generally related to ERN and its business practices have been brought in the District of

---

[2] The plaintiff has not provided the Court with information regarding any of the witnesses it would call and where they reside.

Maryland: namely the ERN, LLC bankruptcy, see In re ERN, LLC, Civ. Action No. 04-20521-JS, and a complaint alleging a pattern of defrauding customers by ERN, Baron Fin. Corp. v. ERN, LLC, Civ. Action No. 03-03563-WDQ.  Finally, given the parties' vigorous dispute over the enforceability of the Agreement's forum selection clause, it is not clear whether jurisdiction would even be proper in this district.  Jurisdiction is clearly proper in the District of Maryland, however, as all three of the defendants are located in Maryland and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred there.[3]

For all of the foregoing reasons, the defendants' motion for transfer (Dkt. No. 4) pursuant to 28 U.S.C. 1404(a) is GRANTED, and the action shall be transferred.

It is SO ORDERED.


March 30, 2006                              \s\ George A. O'Toole, Jr.
DATE                                        DISTRICT JUDGE

---

[3] While the plaintiff has indicated its willingness to drop its RICO claim against the defendants, it is also worth noting that, pursuant to 18 U.S.C. § 1965, the District of Maryland is the only forum where the plaintiff would be able to obtain proper venue and jurisdiction over the defendants.